**In the Matter of INSTALLATION SERVICES, INC., Debtor.**

**Bankruptcy No. 88–08822.**

United States Bankruptcy Court, N.D. Alabama, S.D.

May 26, 1989.

Frank G. Alfano, Birmingham, Ala., for debtor.

Max C. Pope, Birmingham, Ala., Trustee.

J.N. Holt, Birmingham, Ala., for trustee.

James G. Henderson, Birmingham, Ala., for First Nat. Bank of Columbiana, Ala.

### MEMORANDUM OPINION

CLIFFORD FULFORD, Bankruptcy Judge.

The First National Bank of Columbiana ("Bank") moved for a lift stay order to repossess two fork lifts given as security for an antecedent loan to Debtors. The

---

**1.** The fork lifts are not in contention here because another creditor's judgment was recorded before the Bank's financing statement and primed the Bank's non-purchase money security interest in the fork lifts.

**2.** If the debt had been secured by the fork lifts, the Bank might have taken a different position as to this $1,000.00. See *supra* note 1.

**3.** Section 547(b) of the Bankruptcy Code reads:

Trustee counterclaimed to recover a preference.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(F). The following constitute findings of fact (stipulated by counsel) and conclusions of law.

The Chapter 7 petition in this case was filed on September 13, 1988.

On April 13, 1988 (between 90 days and one year before the petition was filed), Debtor paid the Bank interest totalling $2,413.88 on two unsecured notes whose balances were then consolidated in a single renewal note for $38,137.12 secured by the fork lifts.[1] Later, on July 21, 1988 (within 90 days before the petition filing date), Debtor paid the Bank $1,000.00 which was applied to interest on said indebtedness.

Bobby G. Clemmons ("Clemmons"), sole stockholder and president of Debtor, was co-obligor on the renewal note. He filed a Chapter 7 petition on September 13, 1988 and was discharged on April 25, 1989. When the Debtor paid the $2,413.88 to the Bank on April 13, 1988, Clemmons knew the Debtor was insolvent. The payments Debtor made to the Bank enabled the Bank to receive more of its claim than it would have received as a dividend in a Chapter 7 case.

The Bank does not contest the Trustee's right to recover the $1,000.00 it received from Debtor within 90 days before the petition was filed[2]; however, the Bank seriously challenges the Trustee's effort to recover from it, a non-insider creditor, the $2,413.88 paid to it by the Debtor during the expanded preference period of between 90 days and one year before the petition was filed.

The Trustee insists that Sections 547(b) and 550(a) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*),[3] when read together,

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

 (1) to or for the benefit of a creditor;

 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

 (3) made while the debtor was insolvent;

 (4) made—

entitle him to recover from either the Bank, as the "initial transferee" or Clemmons, for whose benefit such transfer was made,[4] and that because Clemmons was an "insider",[5] the expanded preference period applies.[6] The Bank argues that such a literal interpretation of § 550(a) produces an inequitable result which the court should avoid by applying the equitable powers given to it in § 105(a) of the Code.

The authorities on this issue are in irreconcilable conflict.

■ Some authorities hold that the unambiguous language of § 550(a) plainly states that when a non-insider creditor has obtained a guarantee from an insider, the trustee may recover from either for preferential payments made during the expanded preference period. *In re Robinson Bros. Drilling, Inc.*, 97 B.R. 77 (W.D.Okla.1988); *In re V.N. Deprizio Constr. Co.*, 86 B.R. 545 (N.D.Ill.1988); *In re Coastal Petroleum Corp.*, 91 B.R. 35 (Bankr.N.D.Ohio 1988); *In re Big Three Transp. Inc.*, 41 B.R. 16 (Bankr.W.D.Ark.1983). *See also Bonded Fin. Serv., Inc. v. European Am. Bank*, 838 F.2d 890, 894–95 (7th Cir.1988) (dictum); Pitts, *Insider Guaranties and the Law of Preferences*, 55 Am.Bankr.L.J. 343 (1981); and 4 Collier on Bankruptcy par. 547.04 at 547–31 (15th ed. 1989).

Others hold that a payment on a debt guaranteed by an insider constitutes *two* transfers and conclude that the trustee may recover from only the insider for payments made during the expanded preference period. *In re T.B. Westex Foods, Inc.*, 96 B.R. 77 (Bankr.W.D.Tex.1989); *Matter of Midwestern Companies, Inc.*, 96 B.R. 224 (Bankr.W.D.Mo.1988); *In re C–L Cartage Co.*, 70 B.R. 928 (Bankr.E.D.Tenn. 1987); *In re Aerco Metals, Inc.*, 60 B.R. 77 (Bankr.N.D.Tex.1985); *In re Mercon Industries, Inc.*, 37 B.R. 549 (Bankr.E.D.Pa. 1984); *Matter of R.A. Beck Builder, Inc.*, 34 B.R. 888 (Bankr.W.D.Pa.1983); *In re Cove Patio Corp.*, 19 B.R. 843 (Bankr.S.D. Fla.1982); *In re Duccilli Formal Wear, Inc.*, 8 B.C.D. 1180 (Bankr.S.D.Ohio 1982); *In re Church Buildings and Interiors, Inc.*, 14 B.R. 128 (Bankr.W.D.Okla.1981); and 4 Collier on Bankruptcy par. 550.02 at 550–7 (15th ed. 1989).

There is a rational basis for each of these contending views, sufficiently stated and explored in the authorities cited. The literal reading of § 550(a) is adopted here because it is believed to express Congressional policy favoring equality in distribution, a desirable goal in the management of debtors' estates. Certainly, a literal reading provides a sharper tool to undo a corporation's preferential payments made to favored creditors on the decision of corporate officers who wish to extinguish or diminish their personal liabilities on guaranties. Where the literal meaning of § 550(a) is thus supported by reason, there is no occasion to vary by interpretation or equity the unambiguous language Congress has used to state and promote its policy in cases

(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b).
Bankruptcy Code § 550(a) reads:
(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.
11 U.S.C. § 550(a).

4. 11 U.S.C. § 550(a)(1).

5. 11 U.S.C. § 101(30)(B) defines an "insider" of a corporate debtor to include, *inter alia,* a director or officer of the debtor or a person in control of the debtor.

6. 11 U.S.C. § 547(b)(4).

such as this.[7]

The Bank asserts the affirmative defense under Bankruptcy Code § 547(c)(1) that it gave new value to Debtor by forbearing collection when it permitted the old notes to be consolidated and renewed. The Bank has not met its burden of proving the specific value of whatever it contends it transferred to Debtor as "new value", *In re Jet Florida Systems, Inc.,* 861 F.2d 1555, 1559 (11th Cir.1988); and forbearance in the collection of a debt does not qualify as "new value" under § 547(c)(1). *In re Air Conditioning Inc. of Stuart,* 845 F.2d 293 (11th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 557, 102 L.Ed.2d 584 (1988); *In re Ottawa Cartage, Inc.,* 55 B.R. 371 (N.D.Ill.1985); and *Matter of Mid Atlantic Fund, Inc.,* 60 B.R. 604 (Bankr.S.D.N.Y. 1986).

Finally, the Bank argues that the Trustee can recover voidable preferences only in an adversary proceeding. Bankruptcy Rule 7001(1). Here the Trustee is reaching to avoid and recover preferential payments to the Bank by a counterclaim to the Bank's lift stay motion. The counterclaim has proceeded as a contested matter under Bankruptcy Rule 9014 under which reasonable notice and opportunity for hearing have been afforded the Bank and the Trustee. The parties have stipulated the facts stated in this Memorandum Opinion. Under these circumstances, neither the filing of a complaint in an adversary proceeding nor the payment of a $120 filing fee is required. *See and cf. In re Data Entry Service Corp.,* 81 B.R. 467 (Bankr.N.D.Ill. 1988) and *In re Cox,* 68 B.R. 788 (Bankr.D. Or.1987).

Judgment for the Trustee is being entered contemporaneously herewith in this contested matter by separate document.

---

**7.** *Jefferson County Pharmaceutical Association, Inc., v. Abbott Laboratories,* 460 U.S. 150, 103 S.Ct. 1011, 74 L.Ed.2d 882 (1983); *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); *Estate of Flanigan v. Commissioner, Internal Revenue Service,* 743 F.2d 1526 (11th Cir.1984).