**In re Randolph G. BOTTERI, Debtor.**

**SOCIETY BANK, Plaintiff,**

v.

**Randolph G. BOTTERI, Respondent.**

**Bankruptcy No. 3–89–01509.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 1, 1989.

Ira H. Thomsen, Centerville, Ohio for Soc. Bank, NA.

Charles A. Johnson, Dayton, Ohio, for debtor.

George W. Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of Society Bank for relief from the automatic stay of 11 U.S.C. § 362. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### FACTS

1. On April 24, 1989 the debtor, Randolph G. Botteri, filed a chapter 13 petition in bankruptcy;

2. The debtor scheduled Society Bank as a secured creditor with a claim of $8,000 secured by a boat valued at $7,000;

3. The debtor's plan proposed to pay the bank's secured claim of $7,000 in full at 8% annual interest;

4. Creditors were notified by notice of April 26, 1989 that the first meeting of creditors would be held on May 16, 1989 and that objections to confirmation were required to be filed by May 23, 1989;

5. On May 12, 1989 Society Bank filed a proof of claim in the amount of $10,995.86 and listed its security as a 1985 boat;

6. On June 6, 1989 Society Bank filed a "Motion for Relief from Stay" on the grounds that—

a) the debtor has no equity in the boat and it is not necessary to the debtor's effective reorganization and

b) the debtor had listed no insurance coverage for the boat thereby rendering the bank inadequately protected;

7. No creditor filed an objection to confirmation;

8. This court entered an order on June 19, 1989 confirming the debtor's chapter 13 plan;

9. On June 22, 1989 the bank's relief from stay motion came on for hearing.

### CONCLUSIONS OF LAW

■ Society Bank has moved for relief from the automatic stay of section 362 of the Bankruptcy Code on the grounds set forth under section 362(d): [1]

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

It appearing that the debtor has insurance coverage, the bank's motion under section 362(d)(1) will be denied.

---

[1]. At the hearing the debtor testified that he has insurance coverage on the boat through Progressive Insurance. Only in this respect has the bank indicated it was not adequately protected.

(B) such property is not necessary to an effective reorganization.

The debtor and the trustee assert that the bank's motion must be denied because the order of confirmation is *res judicata* as to all issues under section 362(d).   .

■ Section 1327 of the Bankruptcy Code specifically provides that confirmation of a plan has the following effect:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).  As a result of this section, the bank is bound by the terms of the debtor's plan and, absent a post-confirmation change in circumstances, may not attempt to alter its treatment under the plan.  The issues of section 362(d)(2) may no longer be raised:

Thus, by operation of this section it is clear that a creditor cannot thereafter assert any other interest than that provided for him in the confirmed plan and that all of the issues of adequate protection, lack of equity, the fact that the property is not necessary for effective reorganization of debtor's affairs, etc., could and should have been raised in objections to confirmation. . . .

The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc. *Ford Motor Credit Co. v. Lewis (In re Lewis)*, 8 B.R. 132, 137 (Bankr.Idaho 1981).

*Accord: In re Evans*, 30 B.R. 530, 531 (9th Cir.BAP 1983); *Citicorp Homeowners, Inc. v. Willey (In re Willey)*, 24 B.R. 369, 375 (Bankr.E.D.Mich.1982).

Here, to have avoided being bound by the confirmation order it was necessary for the bank to file an objection to confirmation and not merely a motion for relief from stay.  *In re Clark*, 38 B.R. 683 (Bankr.E.D.Pa.1984).  On first impression,

it might appear possible to construe the bank's motion for relief from stay as an objection to confirmation; but this would not assist the bank.  Even if construed as an objection to confirmation, the motion was filed after the deadline for filing objections to confirmation and would be denied on the basis of untimeliness.

For the foregoing reasons the motion of Society Bank for relief from the automatic stay is DENIED.