In re Charles William YOUNG, Deloris Jean Young, Appellants,

v.

INTERNAL REVENUE SERVICE, Appellee.

In re Charles William YOUNG, Deloris Jean Young, Debtors.

No. IP 87–203–C.

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 1, 1990.

Lynn Murray, UAW Legal Services Plan, Kokomo, Ind., Robert A. Brothers, trustee, Chris, Hadler & Brothers, Indianapolis, Ind., for appellants.

Gerald A. Coraz, Harold A. Bickham, Asst. U.S. Attys., Indianapolis, Ind., for appellee.

### ENTRY

BARKER, District Judge.

This matter is before the court on an appeal by Charles William Young and Deloris Jean Young, debtors in bankruptcy, challenging the bankruptcy court's decision to reconsider a portion of a confirmed Chapter 13 plan and to accord priority status to a claim for pre-petition interest on taxes. For the reasons discussed below, this court reverses the decision of the bankruptcy court.

### I. Background

Charles Young filed a Chapter 13 bankruptcy petition on November 22, 1983; Deloris Young filed her Chapter 13 petition on February 3, 1984. The bankruptcy court consolidated these petitions on February 15, 1984. The debtors filed a first Amended Chapter 13 Plan on May 25, 1984, which contained a provision directing the trustee to make priority payments as required by 11 U.S.C. § 507, including amounts due to taxing authorities. The debtors' amended plan was confirmed without objection by court order on June 21, 1984.

The Internal Revenue Service ("IRS") filed an initial proof of claim on January 19, 1984. An amended proof of claim was filed by the IRS on June 21, 1984, to which the debtors did not formally object. This amended proof included a priority unsecured claim for pre-petition interest on taxes.

On November 27, 1985, the trustee filed an application to allow claims and objections to claims and a request for ruling, to which the IRS responded on December 26, 1985.

The debtors filed a second amended Chapter 13 plan on February 5, 1986, which among other things categorizes the IRS' claim for pre-petition interest as unsecured without priority. This was confirmed without objection by a court order dated July 24, 1986.

On August 12, 1986, the court executed an order on the trustee's application. The court ordered that the debtors' principal tax obligation be treated as secured, with the remaining balance treated as unsecured. The IRS filed a motion for reconsideration on October 14, 1986, which requested among other things that the court reclassify $3,109.50 in pre-petition interest as an unsecured priority claim. A hearing was set for November 17, 1986. On February 3, 1987, the court granted the IRS' motion for reconsideration, vacating the prior order confirming the Chapter 13 plan and according priority status to the IRS claim for pre-petition interest. 70 B.R. 43. A notice of appeal was filed by the debtors on March 4, 1987.

### II. Discussion

Although it has become apparent through a Seventh Circuit opinion that the decision of the bankruptcy court to accord priority status to pre-petition interest was correct, *see Matter of Larson*, 862 F.2d 112, 119 (7th Cir.1988), this court agrees with appellants that it was an abuse of discretion for the bankruptcy court to reconsider the terms of a confirmed Chapter 13 plan.

■ The record reflects that the debtors' second amended Chapter 13 plan was confirmed without objection on July 24, 1986. This plan is res judicata as to any claims which were or could have been asserted by the IRS. So much is clear from the relevant provision of the Bankruptcy Code:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

11 U.S.C. § 1327(a) (1988 ed.).

■ Thus, the argument made by the IRS, that the failure to formally object to the confirmed plan does not preclude reconsideration, misses the point. It is the res judicata effect of the confirmation of such a plan which does preclude reconsideration (except in limited circumstances discussed

below). "The terms of a Chapter 13 plan bind both the debtor and the creditor and control any claims of the creditor whether or not he has filed an objection to the plan." *In re Edelsberg,* 101 B.R. 386, 390 (Bkrtcy., S.D.Fla.1989) (citation omitted). *See also In re Szostek,* 886 F.2d 1405 (3rd Cir.1989) (confirmed plans are final and binding), *United States v. Edmonston,* 99 B.R. 995, 998 (E.D.Cal.1989) ("confirmation in chapter 13 case is to be given res judicata effect as to those issues that were decided, or could have been decided at the time of confirmation." (citation omitted)).

The IRS cites *In re Goble Boat Co.,* 190 F. 92 (N.D.N.Y.1911), for the proposition that a failure to respond to a proof of claim (the debtors here did not formally respond) may be deemed a consent to reconsideration. To the extent that this decision predates amendments to the Bankruptcy Code and is inconsistent with modern case law, it is of little use to our analysis. Moreover, the terms of the decision are not mandatory: a failure to respond may, not must, be deemed a consent to reconsideration. The court sees no reason to imply such consent here.

■ The Bankruptcy Code does allow for the revocation of a confirmed plan, but only in those circumstances where the order of confirmation was procured by fraud. 11 U.S.C. § 1330(a) (1988 ed.). *See also United States v. Lee,* 89 B.R. 250, 256 (N.D.Ga.1987), *aff'd per curiam,* 853 F.2d 1547 (11th Cir.1988) (a court may not revoke or vacate a Chapter 13 confirmation order absent allegations of fraud), *In re Walker,* 114 B.R. 847, 851 (Bkrtcy., N.D.N.Y.1990) (same). The IRS has made no allegations of fraud, and no inferences of fraud appear in the record.

■ The IRS argues that bankruptcy courts are courts of equity, empowered to provide relief to prevent undeserved windfalls. However, a well-known maxim of equity guides the court here, that being that equity aids the vigilant, not those who slumber upon their rights. *Int'l Union, Allied Workers of America, AFL–CIO v. Local Union No. 589,* 693 F.2d 666, 674 (7th Cir.1982). The IRS in its brief offered

no excuse for its failure to formally object to the debtors' second amended plan. As the debtors noted, the IRS had notice more than five months prior to the confirmation of the debtors' second amended plan in order to object. Assuming, as the IRS argued, that the failure to object does not preclude reconsideration, it also suggests that an exercise of equitable powers is unwarranted.

In conclusion, the Bankruptcy Code expresses a strong interest in according finality to confirmed Chapter 13 plans by treating them as res judicata as to all claims which were or could have been made. The only exception to this finality is in cases of fraud, a situation not present here. Accordingly, it was an abuse of discretion for the bankruptcy court to vacate its confirmation order and reconsider the terms of a confirmed Chapter 13 plan. The decision of the bankruptcy court is REVERSED.

It is so ORDERED.