In re Rosa SMOOT, Debtor.

Rosa SMOOT, Plaintiff,

Mavis Willingham, Trustee, Intervenor,

v.

SOUTHTRUST MOBILE SERVICES, INC., Defendant.

Bankruptcy No. 88–07774.
Adv. No. 90–00827.

United States Bankruptcy Court,
N.D. Alabama.

Dec. 27, 1991.

Frank LaBudde, Anniston, Ala. and Harvey Campbell, Scottsboro, Ala., for plaintiff.

Carlos Heaps and Allen Ramsey, Birmingham, Ala., for defendant.

## OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

### Undisputed Procedural and Substantive Facts

In this chapter 13 case, SouthTrust Mobile Services, Inc. (SMSI) seeks to expand the holding of *In re Thomas*, 883 F.2d 991 (11th Cir.1989). Rosa Smoot (debtor) filed a petition for relief under chapter 13, title 11, United States Code, on August 15, 1988. SMSI was listed in the schedule of creditors and had actual notice of the existence and pendency of the case. The schedule of assets listed a mobile home, about which the debtor stated that SMSI claimed a lien. Debtor claimed a homestead exemption in the mobile home and no objection was filed to her claim of exemptions. The plan proposed by debtor was to pay all allowed secured claims. SMSI did not file a proof of claim or object to confirmation; neither did the debtor or the trustee file a proof of claim on its behalf.

On April 24, 1986, debtor executed an installment note and security agreement to purchase one 1986 River Oaks mobile home. SMSI did not file for record a financing statement. Debtor remains in possession of the mobile home. The plan was confirmed by the Court, without objection, on March 3, 1989. The order of confirmation provided, *inter alia*, for (1) distribution on allowed secured claims, (2) retention of liens by holders of allowed secured claims until such claims were satisfied, and (3) vesting of property of the estate in the debtor only when the debtor receives a discharge under chapter 13 or her case is dismissed. The confirmation order did not include any distribution to SMSI since it did not have an allowed secured claim.

Following confirmation of the debtor's plan, on April 17, 1989, SMSI filed a complaint against the debtor in the Circuit Court of Talladega County, Alabama, for the money due according to the terms of the contract and for possession of the mobile home. This state court suit was commenced by SMSI without any prior action in the bankruptcy court seeking relief from the automatic stay provisions of 11 U.S.C. § 362. During the proceedings in state court, the debtor filed a notice of the bankruptcy proceedings. SMSI filed a motion to strike the notice of bankruptcy and succeeded in having such an order entered. SMSI sought sanctions against the debtor and her attorney for filing the notice, but the state court took no action on this motion. A judgment was entered in favor of SMSI and against the debtor in the Circuit Court of Talladega County on the 29th day of August, 1990, for the balance due under the terms of the contract, determined to be $32,096.57 plus costs in the amount of $110.00 and for possession of the 1986 River Oaks mobile home. SMSI then obtained writs for possession which the sheriff's department attempted to execute against debtor on at least two occasions.

Faced with immediate disposition by the order for possession entered in the state court action, the debtor filed an adversary proceeding in this bankruptcy case, seeking damages against SMSI for willful violations of the automatic stay and for an order avoiding a lien of SMSI. The chapter 13 standing trustee, Mavis Willingham, filed a motion to intervene to avoid the lien of SMSI and to establish that she had a lien priority over SMSI. This intervention was granted.

Debtor missed time from work in defending the actions of SMSI in state court and lost wages of $224.00. The debtor further paid an attorney to represent her in the state court action and the fee was $570.00

after the attorney spent 5.7 hours defending that action. Additionally, there were expenses in the amount of $22.85. SMSI admitted that it willfully and intentionally filed the actions in state court without seeking any relief under 11 U.S.C. § 362(a). It stated that it felt it had a right to ignore the bankruptcy case and to take these actions under its understanding of the holding of *In re Thomas*, 883 F.2d 991 (11th Cir.1989).

Debtor and SMSI filed cross motions for summary judgment. All parties stated that there was no genuine issue of material fact and consented for the Court to grant one of the motions for summary judgment. Based upon the pleadings filed in the case, including the affidavits, the representations to the Court by counsel, which were taken as facts by stipulation between the parties and the authorities presented by the parties to the Court, on December 28, 1990, the Court determined that the provisions of 11 U.S.C. § 362(a) applied to the actions of SMSI in the state court action and prohibited it from enforcing its claim against the debtor by proceedings to obtain possession of the mobile home. The Court further concluded that SMSI confessed that any interest that it had in the mobile home was unperfected and therefore the standing trustee had a lien priority over SMSI, applying 11 U.S.C. § 544 and *Code of Alabama* (1975) § 7–9–301. A judgment was entered in favor of debtor and against SMSI for the sum of $816.85 as compensatory damages, $5,000.00 as punitive damages, and the costs of these proceedings. The above proceedings were held before and the judgment entered by this Court, the Honorable L. Chandler Watson, Jr., United States Bankruptcy Judge, now retired. SMSI appealed the judgment of the Court. By order entered September 11, 1991, the United States District Court, the late Honorable Clarence W. Allgood, remanded this case for entry of detailed findings of fact and conclusions of law, notwithstanding the lengthy facts and conclusions orally dictated by the bankruptcy judge at the conclusion of the hearing on the motions for summary judgment. On remand, following a hearing before the present bankruptcy judge, all parties were invited to submit proposed findings of fact and conclusions of law. On review of the proposals by the parties and the transcripts of the hearings, and on consideration of the representations of counsel at the hearing, this Court enters this Order, adopting the above as its findings of fact.

### Discussion

■ During the confirmation process of this case, SMSI chose to "ignore" the bankruptcy case. It stated that it had a right to proceed in state court for a money judgment and for possession of the debtor's mobile home because of the language contained in the opinion in *In re Thomas*, 883 F.2d 991 (11th Cir.1989). SMSI's reliance upon that case is misplaced. In comparing the facts of that case with those in this case, there are many similarities; but the critical facts are so different that the *Thomas* case is distinguishable and is not binding precedent in this case. Even if a different approach were taken, and *Thomas* were found to be controlling in this case, SMSI still is found to be a substantial transgressor against the statutory prohibition in 11 U.S.C. § 362(a) intended to protect important rights of the chapter 13 debtor.

The most distinguishing fact between the two cases is that SMSI did not file for record a financing statement and, therefore, did not have a perfected security interest in the mobile home, as it did in *Thomas*. Other factors in this case which distinguish it from the facts of *In re Thomas, Id.*, are that the debtor did claim a homestead exemption in the mobile home (however, she admitted in the hearings that the lien of SMSI would have to be avoided before there would be any equity on which the exemption could attach), SMSI willfully did not file a proof of claim, as opposed to attempting to file a proof of claim after the bar date as in *Thomas*, and SMSI willfully did not seek relief from the automatic stay under 11 U.S.C. § 362 as a prerequisite to proceeding in the state court for a money judgment and for possession, as it had done in *Thomas*. In *Thomas*, the holder of a

secured claim attempted to file a proof of a secured claim after the bar date and then filed a motion for relief from the stay under 11 U.S.C. § 362, after the claim was not allowed and the order confirming the plan did not provide for any payment on the value of its interest in the mobile home.

Since portions of the opinion of *Thomas, Id.* can be read as modifying Article 9 of the *Uniform Commercial Code*, as adopted by Alabama, which purports to treat all kinds of debt instruments involving collateral as being a "security agreement", the opinion must be read as limited to the facts on which it was based. In*Thomas*, the Court of Appeals for the Eleventh Circuit held that cause exists for lifting the automatic stay when the order confirming the debtor's plan does not provide for any payment for the creditor's value of its collateral and where the sole reason for disallowance of the creditor's secured claim was the creditor's failure to file a timely proof of claim. The creditor had a perfected security interest which was not being adequately protected because the debtor was making no payment to the creditor and continuing to use and enjoy the collateral.

As noted by Judge Allgood in the district court opinion of *In re Thomas*, 91 B.R. 117 (N.D.Ala.1988), the overwhelming majority of the cases find cause for lifting the automatic stay unless the claim is considered by the Court to be "provided for in the plan". A different result is reached where the plan treats the secured claim in what the Court considers to be a fair and equitable manner by providing for full payment of the value of the collateral. See *Matter of Pence*, 905 F.2d 1107, 1110 (7th Cir.1990).

With these critical, distinguishing facts, SMSI was misguided in its reliance on *In re Thomas*, 883 F.2d 991 (11th Cir.1989) and acted at its peril when it willfully "ignored" the bankruptcy case in obtaining a money judgment and a judgment and writ for possession of the debtor's mobile home in the state court.

Even if SMSI were correct in its position that *In re Thomas*, 883 F.2d 991 (11th Cir.1989) is a controlling precedent in the present case, the distinguishing facts require a ruling in favor of the debtor when applying the principles of that case. Faced with the perfected security interest of SouthTrust, the *Thomas* court concluded that the debtor merely held a right of possession conditioned upon payment. *Id.* at 996. That court did conclude that the failure to file a proof of claim did not void Southtrust's lien, following the reasoning of *In re Tarnow*, 749 F.2d 464 (7th Cir. 1984), summarizing the line of cases beginning with *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). Creditors must be cautious in reliance on these cases, especially the extreme language that a "secured creditor may ignore the bankruptcy proceedings and look to the lien for the satisfaction of the debt." *Tarnow*, 749 F.2d at 465; *In re Thomas*, 883 F.2d at 996. These cases do not stand for more than the proposition now codified in 11 U.S.C. § 506(d),[1] that unless action is taken to avoid a lien, it passes through a bankruptcy proceeding. *Matter of Pence*, 905 F.2d 1107, 1109 (7th Cir.1990). Under the facts of the case under consideration, the provisions of 11 U.S.C. § 506(d) do avoid the lien of SMSI because it does not hold an allowed secured claim because it did not perfect its security interest when it failed to file a financing statement. This creditor does not hold a "secured claim" (allowed or otherwise) and the reason is *not* "due only to the failure of any entity to file a proof of such claim under section 501 of [title 11]." Therefore, the exception under subparagraph (2) that saved SouthTrust in *In re Thomas, Id.*, is of no assistance to SMSI in this case.

---

1. 11 U.S.C. § 506

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

. . . . .

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Recognition in this case that 11 U.S.C. § 506(d) voids the lien of SMSI, compliments the Bankruptcy Code scheme that a trustee has a lien priority over unperfected secured claims. The trustee in this case has intervened to exercise her strong-arm powers under 11 U.S.C. § 544(a)(1) to avoid the lien of a security interest which is not properly perfected and place that claimholder behind the trustee in priority. This Bankruptcy Code provision goes hand-in-glove with the provisions of *Code of Alabama* (1975) § 7–9–301(1)(b), (3).[2] See also *In re Cohutta Mills, Inc.*, 108 B.R. 815 (N.D.Ga.1989).

█ Debtor argues that 11 U.S.C. § 1327 bind SMSI to the provisions of the confirmed plan. SMSI responds that the mobile home is not the property of the estate as defined under 11 U.S.C. § 541(a). A good review of Alabama property interests is found in *Central Bank of the South v. Thomas*, 121 B.R. 94 (Bkrtcy.N.D.Ala. 1990). Property that is included in the estate under Section 541 is to be broadly interpreted to include all interests in property, including title, possession, and right to possession. *Id.* at 100. Alabama recognizes property interests less than legal title. "Ownership interests can come in many guises under Alabama law." *Id.* at 102. See *In re Saylors*, 869 F.2d 1434, 1436, 1437 (11th Cir.1989). Since SMSI can only assert an unsecured claim in this case which is subordinate to the priority lien of the trustee, the mobile home in this case is property of the estate.

As the discussion which distinguishes *In re Thomas*, 883 F.2d 991 (11th Cir.1989) shows, the unperfected security interest of SMSI also prevents reliance upon *In re Honaker*, 4 B.R. 415 (Bkrtcy.E.D.Mich. 1980). That case provided the primary au-

thority for Judge Allgood's opinion in *In re Thomas*, 91 B.R. 117 (N.D.Ala.1988). In relying upon *Honaker*, Judge Allgood concluded that SouthTrust did not have adequate protection of its perfected security interest in the mobile home and that, therefore, the automatic stay should be lifted when the order confirming the plan did not provide for payment of the value of the collateral. That case specifically recognized the requirement of a perfected security interest. "Section 1327(a) would, however, preclude an unsecured creditor or a secured creditor seeking to recover an unsecured deficiency claim from obtaining relief from stay whether of not the unsecured claim is provided for in the plan." *Id.* at 123. That case was limited to the facts of where a secured claim is thought by the Court not to have been provided for in the plan, the debtor has minimal equity in the collateral, and the sole reason for disallowance of the creditor's claim is the creditor's failure to file a timely proof of claim. *In re Thomas*, 91 B.R. at 124. This district court opinion was applied as controlling authority in *Matter of Gleason*, 95 B.R. 801 (N.D.Ala.1988), so the same analysis applies to both cases.

*In re Thomas*, 883 F.2d 991 (11th Cir. 1989) does not support the actions of SMSI willfully to proceed in state court, not file a proof of claim, and not obtain relief from the automatic stay. In affirming the district court's reliance upon *In re Honaker*, 4 B.R. 415 (Bkrtcy.E.D.Mich.1980), the Court of Appeals analyzed and applied Alabama law to determine the relative property interests of the debtor and the creditor. Under *Thomas* then, the debtor must prevail, as it requires an application of Alabama property law. As noted above, in this case the trustee has a lien priority over SMSI. The mobile home is property of the estate,

---

2. § 7–9–301.

    (1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of:

   ·    ·    ·    ·    ·

    (b) A person who becomes a lien creditor before the security interest is perfected;

   ·    ·    ·    ·    ·

    (3) A "lien creditor" means a creditor who has acquired a lien on the property involved by

attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver from the time of appointment.

and SMSI is bound by the terms of the order confirming the plan.

The actions of SMSI violate the provisions of 11 U.S.C. § 362(a)(3) which prohibit any act to obtain possession of property of the estate, namely the mobile home and the debtor's wages by the order for possession and the money judgment, subsection (4) by attempting to enforce the lien against property of the estate, being the mobile home and the debtor's wages, subsection (5) by attempting to enforce against property of the debtor, namely the debtor's exempt interest in the mobile home, a lien securing the claim, and subsection (6) by attempting to collect or recover a claim against the debtor that arose before commencement of the case. Debtor is entitled by 11 U.S.C. § 362(h) to recover actual damages, including costs and attorney's fees, and punitive damages. The actual damages include lost wages, attorney's fees and expenses totalling $816.85. The amount of punitive damages is slightly mitigated by SMSI's misplaced reliance upon *In re Thomas*, 883 F.2d 991 (11th Cir.1989). Punitive damages of $5,000.00, as previously awarded, are a modest amount for an intentional and willful violation by a sophisticated creditor, but are determined to be the appropriate amount in this case. Separate orders have been entered consistent with this opinion.