**In re Carl DUKE and Betty Duke, Debtors.**

**Bankruptcy No. 92–41327 (13).**

United States Bankruptcy Court, N.D. Alabama.

May 11, 1993.

Sandra Campbell, Talladega, AL, for debtors.

Paul J. Spina, III, Birmingham, AL, for creditor.

## MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

This case comes before the Court on the motion of FNRS Financial Corporation[1], ("FNRS"), to reconsider the order entered on August 10, 1992, which sustained the standing trustee's contest of the FNRS proof of claim.

## FINDINGS OF FACT

Carl and Betty Duke ("debtors") filed a petition under chapter 13 of Title 11 of the United States Code on May 14, 1992. Pursuant to the terms of the debtors' plan, the debt owed to FNRS would be paid directly by the debtors. FNRS filed a proof of claim with the clerk of this Court on June 4; said claim was assigned claim # 5. The proof of claim purported to be a secured claim, but FNRS failed to attach a UCC–1 form or any documents supporting a perfected security interest to its proof of claim. On June 23, the standing trustee filed a contest to claim # 5, alleging that "[s]aid claim on its face does not appear to be entitled to secured claim status."[2] The trustee's contest further indicated that the contest would be withdrawn if documents substantiating perfection of FNRS's security interest were filed.

---

1. FNRS is the assignee for Resolution Trust Corporation as Receiver for City Federal Savings & Loan.

2. It may be argued in terms of procedure that the trustee's contest should more properly have been filed as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2). In this case, the standing trustee contested the creditor's failure to properly support the proof

of claim by attaching documents. In any event, no party has raised a procedural question, thus, the Court will consider the dispute as a contested matter under Rule 9014. *In re Pence*, 905 F.2d 1107 (7th Cir.1990); *In re Command Servs.*, 102 B.R. 905 (Bankr.N.D.N.Y.1989); *In re Installation Servs., Inc.*, 101 B.R. 282 (Bankr.N.D.Ala. 1989); *In re Data Entry Serv. Corp.*, 81 B.R. 467, 468 n. 1 (Bankr.N.D.Ill.1988).

On June 24, the clerk of this Court sent notice to FNRS which stated that in order to oppose the trustee's contest, a timely response and a request for a hearing must be filed and served within fourteen (14) days of the date of the notice. The clerk's notice also informed FNRS that unless a timely response was received, "the contest of the claim may be deemed by the Court to have been confessed by the creditor, and the Court may then enter such order thereon as appears appropriate." On August 10, 1992, an order was entered which sustained the contest of claim. As of that date, FNRS had failed to file a timely response to the trustee's contest of claim # 5. Thus, FNRS was allowed an unsecured claim for the full amount stated, $14,401.63. No appeal was taken by FNRS of the order sustaining the contest of its claim.

On September 24, 1992, the debtors modified their plan so that the allowed claim of FNRS would be paid by the trustee. The debtors also offered to pay the trustee all of their disposable income, i.e., $157.50 each two weeks for 130 such payments. Pursuant to the modification, the trustee would pay all available funds to unsecured claimholders until all allowed claims were paid, after paying standard administrative claims and one secured claim of $459.94. This modification was served by the debtors on all creditors, including FNRS. No further amendments were subsequently filed and the debtors' plan, as modified, was confirmed in a hearing on November 5, 1992, after finding that the plan satisfied 11 U.S.C. §§ 1322 and 1325. An order confirming the plan was entered on November 6. Pursuant to the confirmed plan, FNRS will receive a pro rata distribution with all other unsecured claimholders until its allowed claim of $14,401.63 is paid in full. No motion to reconsider the order confirming the plan was filed and no appeal was taken.

On January 11, 1993, approximately two months after the confirmation of the debtors' plan of reorganization, FNRS filed its motion to reconsider the order entered on August 10, 1992, sustaining the trustee's contest of claim. The motion alleges that its claim is secured by a mobile home, with its security interest perfected by a recorded UCC Financing Statement. A hearing was held on February 4, 1993, on said motion. At said hearing, the Court advised the parties that written arguments would be accepted by no later than March 1, 1993, and that after such date, the motion would be under submission for a determination. Having considered the arguments presented at the hearing and the written arguments submitted to the Court, the Court finds that the motion to reconsider the order entered on August 10, 1992, is due to be denied.

## CONCLUSIONS OF LAW AND APPLICATION TO FACTS

### I.

### PROCEDURE

In order for this Court to grant FNRS's motion, the motion must procedurally travel in a vehicle which will allow this Court to reconsider its previous ruling. Federal Rule of Bankruptcy Procedure (hereinafter Rule) 9023, which makes Fed.R.Civ.P. 59 applicable to title 11 cases, contains a ten-day time limit for filing a motion to alter or amend a judgment after the entry of the judgment. Rule 9023(e). However, it is made explicitly clear that "Rule 59 FRCivP applies in cases under [title 11 of the United States] Code, except as provided in Rule 3008."

■■■ Rule 3008 provides that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." No time limits are explicitly stated for the filing of a motion for reconsideration under Rule 3008, and the ten-day time limit in Rule 9023 expressly does not apply. However, when Rule 3008 is considered in light of 11 U.S.C. § 1327(a), an apparent time limit appears. According to § 1327(a),

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such

creditor has objected to, has accepted, or has rejected the plan."

Because of the binding effect of the confirmation order under § 1327(a), the rights of the creditors are fixed and subsequent reconsideration under Rule 3008 is not permissible.[3] If there were no such limitation on a Rule 3008 motion, the confirmation order would not be binding. An interpretation of Rule 3008 to permit reconsideration after confirmation makes Rule 3008 in conflict with § 1327(a). Just as courts should interpret statutes to be in harmony and not in conflict to the extent possible, see *Shumate v. Patterson*, 943 F.2d 362, 365, (4th Cir.1991), aff'd, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), rules and statutes should be interpreted to be in harmony, if possible. However, "[w]here a bankruptcy rule does conflict with a statute, certainly said rule is invalid, 28 U.S.C. § 2075". *In re Spencer*, 137 B.R. 506, 513 (Bankr.N.D.Okla.1992). In this case, the confirmed plan provides that FNRS possesses an allowed unsecured claim of $14,-401.63 which will be paid in full along with all other unsecured claimholders. If there were no order confirming the plan of reorganization, then a motion under Rule 3008 could be considered. Cf. *Johnson v. Wasserman (In re International Yacht and Tennis, Inc.)*, 922 F.2d 659 (11th Cir.1991) (wherein the court determined that reconsideration under Rule 3008 should have been granted, however, the opinion fails to mention or consider the effect of an order confirming a plan of reorganization).

■ Finally, reconsideration is not permitted as an appeal under Rules 8001 and 8002. As stated in the earlier findings, FNRS failed to appeal the order sustaining the contest to claim #5. FNRS opted against the appeals process and chose to ask this Court for reconsideration of its earlier order entered approximately five (5) months prior to the request for reconsideration.

The failure of FNRS to timely move to amend or to appeal the contest of its claim, and the failure of FNRS to move to amend or to appeal the order confirming the debt-

ors' plan means that no means or vehicle of reconsideration exist for FNRS. Accordingly, the motion to reconsider the order entered on August 10, 1992, is denied. FNRS must accept its procedural choice. *In re Pence*, 905 F.2d 1107, 1110 (7th Cir. 1990).

## II.

### CONFIRMATION IS BINDING

The claims allowance process, which can encompass the implementation of, inter alia, 11 U.S.C. §§ 502 and 506 as well as Rules 3007, 3008, and 3012, is a process that occurs pre-confirmation. See *In re Haynes*, 107 B.R. 83 (Bankr.E.D.Va.1989). Cf. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987). The *Haynes* court's discussion of the claims process and confirmation process makes this fact clear.

"The critical aspect of the case at bar is that we are addressing this matter *after* the debtor's second amended plan has been confirmed, and distributions have been made.... We cannot at this time address the arguments that would or could have been made at the time hearing on confirmation, since that time has passed."

*Haynes*, 107 B.R. at 87 (emphasis original). See *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 553 (5th Cir.1985) (stating that "under sections 506(a) and 1325(a)(5), a proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan"). See also *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir.) (citing *In re Simmons* with approval), cert. denied, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

■ The debtors' submitted their plan to this Court for confirmation after the claims allowance process was completed. No objection to confirmation was filed. The plan was confirmed after this Court found that the plan complied with all of the requirements of 11 U.S.C. §§ 1322 and 1325. The plan as confirmed will pay the FNRS al-

---

**3.** This conclusion is discussed in more detail in section II.

lowed claim in full along with all other unsecured claimholders. Because of the binding effect of 11 U.S.C. § 1327(a) on creditors when a confirmed plan fixes the allowed amount of a creditor's claim, this Court is not permitted to reconsider the order entered which sustained the trustee's contest of FNRS's proof of claim. See *In re Chappell*, 984 F.2d 775 (7th Cir.1993) (confirmed plan precludes later claim for § 506(b) interest on real estate mortgage note, and order confirming plan can be revoked or set aside only when procured by fraud); *In re Pence*, 905 F.2d 1107 (7th Cir.1990) (confirmed plan binding on creditor who may not have received official notice of confirmation hearing); *In re Szostek*, 886 F.2d 1405 (3rd Cir.1989) (creditor bound by confirmed plan even when it fails to provide sufficient present value required by § 1325(a)(5)); *In re Rincon*, 133 B.R. 594 (Bankr.N.D.Tex.1991) (claim may not be increased after confirmation); *Young v. Internal Revenue Service (In re Young)*, 132 B.R. 395 (S.D.Ind.1990) (abuse of discretion to reconsider terms of plan in order to permit different treatment of a claim); *Lester Mobile Home Sales, Inc. v. Woods (In re Woods)*, 130 B.R. 204 (W.D.Va.1990) (creditor may not use motion for relief from stay to collaterally attack valuation of collateral and modification of debt in plan); *In re Garner*, 113 B.R. 352 (Bankr. N.D.Ohio 1990) (confirmed plan prevents subsequent amendment to claim); *In re Botteri*, 108 B.R. 164 (Bankr.S.D.Ohio 1989) (confirmed plan is res judicata on amount and treatment of claim in a subsequent motion for relief from stay); *In re Haynes*, 107 B.R. 83 (Bankr.E.D.Va.1989) (no amendment to claim after confirmation); 2 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 6.9 (1992) (confirmed plan has all the preclusive effects of a final judgment from a federal court). The preclusive effects of a final federal judgment, section 1327(a) [4], binds each creditor and the debtor, and, thereby, fixes all allowed claims at that time. See *Stoll v. Gottlieb*,

305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Agricredit v. Harrison (In re Harrison)*, 987 F.2d 677 (10th Cir.1993); *Eubanks v. F.D.I.C. (In re Eubanks)*, 977 F.2d 166 (5th Cir.1992); *Sun Finance Co. v. Howard (In re Howard)*, 972 F.2d 639, 640 (5th Cir.1992); *Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869 (2d Cir.1991); *In re Pence*, 905 F.2d 1107 (7th Cir.1990); *Fawcett v. Internal Revenue Service (In re Fawcett)*, 758 F.2d 588 (11th Cir.1985); *Cone v. Davies (In re Davies)*, 143 B.R. 747, 749 (Bankr.D.Idaho 1992); *In re Algee*, 142 B.R. 576 (Bankr. D.C.1992); *United States v. Smith (In re Smith)*, 142 B.R. 862, 864–65 (Bankr. E.D.Ark.1992). See also 5 L. King, *Collier on Bankruptcy*, ¶ 1327.01[1] (15th ed. 1992) (discussing the effect of section 1327(a)). Cf. *Hoffman v. First Nat'l Bank of Akron (In re Hoffman)*, 99 B.R. 929 (N.D.Iowa 1989) (discussing the binding effects of a confirmation order in a chapter 11 case).

The *Sun Finance* court acknowledged that a confirmed chapter 13 plan may fix the amount and type of a claim.

"We decline to hold ... that any flaw in the provisions of a Chapter 13 plan may be objected to after confirmation. Such a holding would, as *Shoaf* recognizes, step too hard on the debtors' interest in finality after the confirmation of a Chapter 13 plan. We hold only that a debtor who wishes to challenge the amount of a secured claim either by asserting a counterclaim or offset against it or by disputing the amount or validity of the lien must file an objection to the creditors' claim in order to put the creditor on notice that it must participate in the bankruptcy proceedings. A Chapter 13 plan may by its very nature change the terms of payment and otherwise modify the terms of the debt underlying the lien. Creditors are put on notice of the possibility of these types of modifications by notice of the filing of a Chapter 13 proceeding and must object to the

---

**4.** Section 1327(a) provides as follows:

"(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for

by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

confirmation of a plan in order to prevent their effect. These plan provisions will be final as to all creditors in those respects because they do not conflict with other provisions of the bankruptcy code." *Sun Finance,* 972 F.2d at 642 (citation omitted). In analyzing its earlier holdings in *Simmons v. Savell (In re Simmons),* 765 F.2d 547 (5th Cir.1985), and *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987), the court acknowledged that while "a secured creditor may remain outside the bankruptcy proceedings until an interested party objects to his allowed claim[,].... a confirmed Chapter 13 plan is *res judicata* as to all parties who participate in the confirmation process." *Id.* 972 F.2d at 641. Similar rulings exist in this circuit. See *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir.), cert. denied, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990) (creditor lost its right to object to another creditors claim once the bankruptcy court confirmed the debtor's plan); *SouthTrust Bank of Alabama v. Thomas (In re Thomas),* 883 F.2d 991 (11th Cir.1989) (unless action is taken to avoid a lien, it passes through a bankruptcy proceeding); *Fawcett v. Internal Revenue Service (In re Fawcett),* 758 F.2d 588 (11th Cir.1985) (debtor, whose confirmed non-specific plan contained a generalized statement indicating that secured creditors would be paid in full—100%, instead of an actual reduced amount which would not include post-petition interest, is bound by the terms of the plan and must pay 100% of the claim as submitted by creditor).

The Fourth Circuit in *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160 (4th Cir.1993), held that the notice given by the bankruptcy court under 11 U.S.C. § 506(a) was inadequate, and remanded the case to the bankruptcy court for a valuation hearing on collateral. *Id.* (citing with approval *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069 (11th Cir.1990)). Only because of the inadequate notice on valuation, the confirmation order was not res judicata to this creditor.[5] The dissent found the notice adequate and the confirmation order binding, thereby, placing a higher duty on the creditor to pay attention to notices and timely respond in order to protect its interest. The dissent noted the importance of finality to a bankruptcy court, as it seeks to dispose of hundreds of chapter 13 cases each week. "Chapter 13 cases will overburden the courts if a creditor may ignore the confirmation process and later mount a collateral attack on the payments it is to receive under the confirmed plan." *Linkous,* 990 F.2d at 166.

After confirmation, only § 1329[6] permits a modification of a plan's treatment of a claim, which must be strictly and narrowly construed as an exception to the binding effect of § 1327(a). See *In re Frost,* 96 B.R. 804 (Bankr.S.D.Ohio 1989), aff'd, 123 B.R. 254 (S.D.Ohio 1990). In addition, modification under § 1329 is allowed only after a movant establishes a postconfirmation material change of circumstances and only after the court finds that the modification complies with the good faith requirement of § 1325(a)(3), which includes a judicial determination that the change of circumstances is beyond the control of the debtor and was not caused or contributed to by the debtor. *In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn.1989). Accord

---

5. As discussed later in section III, the notices given in this case satisfy all the requirements discussed in *Foremost Fin. Servs. Corp. v. White (In re White),* 908 F.2d 691 (11th Cir.1990) and *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069 (11th Cir.1990).

6. Section 1329(a) provides the following:
 "(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments; or
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan."

*In re Rimmer,* 143 B.R. 871 (Bankr. W.D.Tenn.1992).

■ Accordingly, the only avenue available to a creditor who wishes to have an order on its claim reconsidered would be through modification of the confirmed plan under 11 U.S.C. § 1329. The only possible application of § 1329 to a motion to reconsider allowance of a single claim would be under § 1329(a)(3) which involves the change in treatment of a single creditor. However, under the facts of this case, § 1329(a)(3) is not applicable. Absent modification, a confirmed plan may be revoked only if the order confirming the plan was procured by fraud. 11 U.S.C. § 1330(a). Section 1327(a) binds all creditors, whether they participate or not, to the provisions of a confirmed plan. If there is no fraud, a creditor must protect its interests by objecting to a plan before it is confirmed.

## III.

### ORDER ON CONTEST OF CLAIM PROPER

The order entered on August 10, 1992, sustaining the contest of claim # 5 is consistent with the holdings of *Foremost Fin. Servs. Corp. v. White (In re White),* 908 F.2d 691 (11th Cir.1990) and *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069 (11th Cir.1990). The facts in *White* are, in some respects, similar to the facts presented in this case. In *White,* the creditor filed two proofs of claim. The first proof of claim was for the principal balance due, and the second proof of claim was for the pre-petition arrearage. Illegible documentation was attached as evidence of its secured status. The bankruptcy court denied confirmation of the debtor's first plan of reorganization. However, after the debtor amended his plan, the court confirmed the amended plan on August 11, 1988. It is apparent that at this hearing the court reviewed the creditor's secured status on its own initiative. The court determined that the creditor's claim

was unsecured based on the failure to provide legible documentation. At a subsequent hearing on October 18, 1988, on the debtor's modification of the plan and on the creditor's motion for reconsideration of its secured status, the court denied the motion to reconsider.

The district court dismissed the creditor's appeal of the bankruptcy court's denial of the motion to reconsider, because such appeal was untimely filed. The district court was subsequently reversed by the Eleventh Circuit due, in part, to what it found to be "faulty procedures" and "procedural errors" of the bankruptcy court.

The Eleventh Circuit determined that the bankruptcy court "ignore[d]" Rule 3007 [7] and, "[a]pparently, ... relied on the language of § 506(a)", as evidenced by the general notice of the confirmation hearing, when it determined that the creditor's claim was unsecured because of illegible documentation. *White,* 908 F.2d at 693. According to the Eleventh Circuit, "[t]his procedure fails as a substitute for the claims objection procedure specified in Rule 3007." *Id.* (citations omitted). The Eleventh Circuit further found that "prejudice was created by the [bankruptcy] court's failure to include in its order confirming the amended plan a specific ruling on [the creditor's] secured claim." *Id.* The confirmation order "did not make it appear to [the creditor] that its secured claim was the subject of a hearing and deemed unsecured for lack of proof". *Id.* at 694. See also *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (discussing the importance of specific notice as well as the diligence required of a creditor).

In *Green Tree Acceptance, Inc. v. Calvert (In re Calvert),* 907 F.2d 1069 (11th Cir.1990), the Eleventh Circuit found that the notice of the confirmation hearing sent to all creditors failed to comply with the

---

7. Rule 3007 provides, in part, as follows:
 "An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing."

procedural requirements of Rule 3012.[8] Specifically, the notice pertaining to the possibility of a hearing on valuation of secured collateral contained in the general notice lacked the specificity required by Rule 3012.[9]

In the instant case, the errors found to have been committed by the bankruptcy court in *White* and *Calvert*[10] are not present. The notice sent to FNRS on May 20, 1992, contains the following statement, arranged in a conspicuous manner on the notice as follows:

> "ATTN: CREDITORS file your claim with the clerk of the Court NOW. Claims not filed by bar date generally are not allowed. Bar date is September 9, 1992. All proofs of claim must be filed in DUPLICATE and must have supporting documentation."

As previously stated, FNRS filed a secured proof of claim on June 4, 1992, but failed to attach evidence of the perfection of its security interest, i.e. a UCC–1 form.

On June 22, 1992, the Trustee mailed a copy of the contest of claim to FNRS, and on June 24, 1992, FNRS was served with the trustee's contest of claim by the clerk of this Court along with a Notice and Opportunity for a Hearing. The trustee's contest clearly indicates that the trustee objected to claim # 5 because said claim did not facially appear to be entitled to secured claim status. The caveat located near the bottom of the contest indicates that such contest would be withdrawn if documents evidencing the perfection of FNRS's security interest were filed. In the notice sent by the clerk, the creditor is alerted to the fact that the trustee had contested its claim, is advised to file a response to the contest if the creditor is opposed to the contest being sustained, and is further advised that if no response is filed, the contest of the claim may be deemed by the Court to have been confessed.

In essence, FNRS was advised three separate times that it was required to file documents that would support its claimed secured status. It is clear to this Court that FNRS received adequate specific notice of the objection to its claim and that such specific notice complies with the requirements of *White* and *Calvert*. Cf. *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318 (Bankr. 9th Cir.1991); *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir.1993). The order should stand as entered.

## IV.

### PLAN TREATMENT OF FNRS CLAIM PROPER

Upon completion of the claims allowance process, it was determined that the claim filed by FNRS was an allowed unsecured claim in the full amount claimed. Because the confirmed plan treats FNRS's allowed claim in the same manner as all other allowed unsecured claims, i.e., a pro-rata payments up to five years until all allowed claims are paid in full, no unfair discrimination exists. Additionally, the Court found at the confirmation hearing that the debtors' plan of reorganization complies with the 11 U.S.C. §§ 1325 and 1322.

The problems that existed in *SouthTrust Bank of Alabama v. Thomas (In re Thomas)*, 883 F.2d 991 (11th Cir.1989), are not present in this case. In *Thomas*, the debtors granted a purchase money security in-

---

**8.** Rule 3012 provides as follows:
> "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

**9.** See *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir.1993) (majority opinion follows holding of *Calvert*) (dissenting opinion gives careful analysis of binding effect of order confirming plan and the urgent need of

bankruptcy courts to depend upon finality in disposing of overwhelming volume of cases, as well as duty of creditors to be responsible to protect their interests).

**10.** While the Court is aware that *Calvert* addressed issues concerning motions for valuation, and not contests of claims, and, therefore, is not directly related to the facts and holding of this case, *Calvert* is recognized for its holding relating to the importance of the requirement of specific notice.

terest in a mobile home to an assignor of SouthTrust, which, thereafter, perfected its security interest. The debtors filed a petition under chapter 13 of title 11. South-Trust was scheduled as a creditor, but failed to file a proof of claim prior to confirmation. The debtors did not file a proof of claim for SouthTrust, pursuant to Rule 3004. After the bar date, SouthTrust filed a proof of secured claim and, after the claim was disallowed, filed a motion for relief from the stay. Thus, no payments were made on the value of the creditor's interest in the mobile home. According to the Eleventh Circuit, "[s]ince no claim was ever made as to the mobile home, the confirmed plan contained no provision for the payment of the debt owed to SouthTrust." *Thomas*, 883 F.2d at 993 (footnote omitted). Consequently, cause was held to exist to lift the automatic stay where the plan did not provide for any payment on the value of the collateral and where the sole reason for disallowance was the creditor's failure to timely file a proof of claim.

 In the instant case, FNRS filed a proof of claim and the debtors' plan of reorganization "provides for" such claim. Accordingly, FNRS is bound by the plan and is not presently entitled to relief from the automatic stay because it is being provided adequate protection through the provisions of the plan.

Upon completion of the plan, and after a discharge is entered, the debt owed to FNRS will be discharged and its lien avoided. 11 U.S.C. §§ 1328(a) and 506(d).[11] The provisions of 11 U.S.C. § 506(d) avoid the lien of FNRS because it does not hold an allowed secured claim, as was determined by the order sustaining the trustee's con-

test of claim. *In re Smoot*, 134 B.R. 960, 963 (Bankr.N.D.Ala.1991). As the *Thomas* court acknowledged, "an *unchallenged* lien survives the discharge of the debtor in bankruptcy". *In re Thomas*, 883 F.2d at 997 n. 9 (emphasis added). It is clear that the trustee's contest of claim challenged the lien of FNRS. FNRS "does not hold a 'secured claim' (allowed or otherwise) and the reason is *not* 'due only to the failure of any entity to file a proof of such claim under section 501 of [title 11].' " *Smoot*, 134 B.R. at 963. Therefore, the exception under § 506(d)(2)[12] that saved SouthTrust in *In re Thomas* is of no assistance to FNRS in this case. As was stressed in *Smoot*, creditors must be cautious in reading *Thomas* too broadly as permitting an election to the creditor of whether it should participate in the bankruptcy case.[13] Under the facts of this case, the plan is binding on FNRS and *Thomas* does not provide an exception. See *Smoot*.

### CONCLUSION

Therefore, pursuant to the findings of fact and conclusions of law as set forth above, it is ORDERED by the Court that the motion filed by FNRS to reconsider the order entered on August 10, 1992, is hereby DENIED.

---

**11.** When the debtor receives a discharge and property of the estate vests in the debtor, the property will be free and clear of FNRS's lien. 11 U.S.C. § 1327(c); *Home State Bank v. Johnson (In re Johnson)*, 501 U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (a lien is a claim or interest of a creditor).

**12.** 11 U.S.C. § 506(d) provides, in part, as follows:
"(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

"(2) such claim is not an allowed secured claim due to the failure of any entity to file a proof of such claim under section 501 of this title."

**13.** The broad language of *Thomas* that a lienholder can elect to ignore the bankruptcy proceedings, which can be read to conflict with the preclusive effect of a binding order, has caused it to be criticized. 2 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 6.12 (1992).