In re Dennis D. WHITE, Debtor.

**FOREMOST FINANCIAL SERVICES CORPORATION, Plaintiff–Appellant,**

v.

**Dennis D. WHITE and Mavis Gardner, Trustee, Defendants–Appellees.**

No. 89–7678.

United States Court of Appeals, Eleventh Circuit.

July 19, 1990.

George M. Ritchey, Ritchey & Ritchey, P.A., Birmingham, Ala., for plaintiff-appellant.

Harry P. Long, Long and Norton, Anniston, Ala., for defendants-appellees.

Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Appellant Foremost Financial Services Corp. is a creditor of Dennis White who is a debtor in a chapter 13 bankruptcy proceeding. In its appeal to the district court of two orders of the bankruptcy court, Foremost sought review of its status as a secured creditor under the debtor's chapter 13 plan and a declaration of its rights with respect to its lien on the debtor's mobile home. Foremost contends that the bankruptcy court erred in denying reconsideration of its status as a secured creditor when there was no objection to its claim by any party. The confirmation order by its omission of Foremost from the list of secured and priority claims in the Findings of Fact was considered an adjudication of Foremost's claim. The district court found that the appeal was untimely with respect to the issue of secured status because Foremost's motion for reconsideration was filed with the bankruptcy court more than two months after the order confirming the plan was entered, rather than ten days[1] after confirmation. Foremost argues that procedural errors in the bankruptcy proceeding caused it to be denied adequate notice of the court's adverse ruling disallowing its timely-filed secured proof of claim. We agree.

The district court's determination of untimeliness of the appeal is reversed. We remand to allow reconsideration of Foremost's secured status based on documentation to support its proof of claim.

Foremost also alleges error in the district court's ruling which approved the disallowance of Foremost's lien rights. The district court found that Foremost does not have lien rights against White because the Bankruptcy Code does not protect a creditor who chooses to participate in the bankruptcy proceeding by filing a proof of claim and then is dissatisfied with the results. The court reasoned that the lien based on an inadequate proof of secured claim is not protected to the extent of a secured creditor's untimely claim under 11 U.S.C. § 506(d)(2).[2] Because we remand to afford Foremost an opportunity to provide documentation to support its secured status, the district court's order which is premised on the inadequacy of Foremost's claim is remanded with instructions to vacate, subject to the proper procedures being followed to consider the proof of claim.

## BACKGROUND

Appellant is the assignee of a creditor with a purchase money security interest in a mobile home purchased by Dennis White. A UCC–1 financing statement was filed to perfect the security interest. White filed a chapter 13 bankruptcy petition on February 4, 1988. Appellant timely filed two proofs of claim, one of which set out the principal balance due of $20,289, with a copy of the retail installment contract and security agreement attached. The second proof of claim evidenced the prepetition arrearage which was in the amount of $743.

In White's amended chapter 13 plan he proposed to pay appellant for the arrearage through the trustee, which differed from his original stated intention to pay Foremost directly. Testimony from the debtor at the confirmation hearing was that the

---

1. Bankr.R. 9023 provides:
   Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008.
   Advisory Committee note. Rule 59 F.R.Civ.P. regulates motions for a new trial and amendment of judgment. Those motions must be served within 10 days of the entry of judgment. No similar time limit is contained in Rule 3008 which governs reconsideration of claims.

2. 11 U.S.C. § 506(d)(2) provides:
   To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless— ... (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

value of the mobile home was $10,000. No objection to either one of appellant's secured claims was filed in the bankruptcy proceeding. The court denied confirmation of the plan, but subsequently the debtor presented a further amendment to the plan which was the subject of a hearing to reconsider confirmation on August 9, 1988. Appellant was designated as a secured creditor having a security interest in the mobile home. On the court's own initiative, appellant's status as a secured creditor was reviewed at the hearing to reconsider confirmation, and its secured claim was disallowed by implication. The Order Confirming Chapter 13 Plan entered on August 11, 1988 included Findings of Fact which listed allowed secured and priority claims. Appellant's claim was not reflected as an allowed secured claim due to the court's adverse ruling based on illegible documentation.

At a hearing on October 18, 1988 to consider the debtor's motion to modify the plan with a reduction in the amount of the payments and Foremost's motion for reconsideration of its secured status, the court reviewed the attachments to the proofs of claim and was advised that the debtor had no objection to appellant's status as a secured creditor. The creditor's motion was denied and an appeal was filed. The district court dismissed the appeal on the denial of the motion for reconsideration and denied on the merits the validity of appellant's lien rights.

## SUFFICIENCY OF NOTICE OF CLAIM ADJUDICATION

■ The error complained of by Foremost, that the district court should not have dismissed the portion of its appeal regarding classification of Foremost under

3. Bankr.R. 3007 provides, in part:

An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

4. The Notice of Meeting of Creditors provided, in part:

the confirmed plan, is based on the compounding of prejudice arising from procedural errors in the bankruptcy proceeding. The bankruptcy court's *sua sponte* ruling on Foremost's claim in the absence of an objection to the claim by a party in interest ignores Bankr.R. 3007.[3] Apparently, the court relied on the language of § 506(a), that the value of a secured creditor's interest in the estate "shall be determined ... in conjunction with any hearing ... on a plan affecting such creditor's interest," as paraphrased and incorporated, in part, in the general notice of the confirmation hearing.[4] This procedure fails as a substitute for the claims objection procedure specified in Rule 3007. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1553–54 (11th Cir.1990) (citing *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir.1985)).

## TIMELINESS

■ The dismissal of the appeal which holds Foremost to the strict 10–day time requirements of Bankr.R. 8002(a), overlooks the bankruptcy court's procedural lapses which trapped Foremost into its present posture. The circumstances involving no objection and no notice to Foremost other than the general notice of the confirmation hearing presents a most compelling case in light of the fact that the plan being considered at that hearing and at a subsequent hearing proposed to treat Foremost's claim as *secured.*

Further prejudice was created by the court's failure to include in its order confirming the amended plan a specific ruling on Foremost's secured claim. The confirmation order lists claims to be paid as secured and priority claims, and Foremost was merely not included in this list. This order entered August 11, 1988, which the

A hearing on confirmation of the plan will be held at the date and time specified in ITEM NO 3 above [June 28, 1988 at 9:00 a.m.]. During this confirmation hearing, the Court may on it's [sic] own motion receive evidence of the value of collateral and determine allowed secured claims or secured portions of allowed claims....

This language was not included in the notice of hearing for reconsideration of confirmation.

district court relied on as the beginning of the time to seek reconsideration or file a notice of appeal, did not make it appear to appellant that its secured claim was the subject of a hearing and deemed unsecured for lack of proof [illegible documentation].

The ruling of the district court on the issue of time to appeal is cast in the shadow of the bankruptcy court's faulty procedures. Bankr.R. 3007 which requires a 30–day notice of hearing on objections to claims and 11 U.S.C. § 502(a) which provides that:

> "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest ... objects,"

are mandatory and dispositive.

■ Giving due respect to the finality of judgments and recognizing the time of filing Foremost's appeal which caused the district court to dismiss a portion of the appeal, there is a more fundamental reason for this court to exercise its supervisory powers to insure that due process is provided. The justifiable reliance of appellant that the bankruptcy court would follow required notice procedures and rule only on matters properly before the court is comparable to the situation where a party's appeal is deemed timely due to the appellants being misled by acts of judicial officers under the doctrine of "unique circumstances." *Willis v. Newsome*, 747 F.2d 605, 606 (11th Cir.1984) (per curiam) (good faith reliance on judicial action lulled appellant into inactivity), *cert. denied*, 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986); *United States v. Velez*, 693 F.2d 1081, 1084 n. 5 (11th Cir.1982); *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061 (5th Cir.1979). The power to "require a lower court to 'follow procedures deemed desirable from the viewpoint of sound judicial practice,'" is exercised even where there is not a denial of due process. *Furlong v. Havee (In re Furlong)*, 885 F.2d 815, 819 (11th Cir.1989)

(citing *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)).

The relief to which appellant is entitled is to have its appeal time begin to run from a procedurally proper and specific adjudication of its claim. In our view, the Findings of Fact did not provide adequate notice to appellant to cut off its rights and start the appeal time running. Therefore, the district court was in error to dismiss the appeal for reconsideration of the status of Foremost's claim.

## LIEN RIGHTS

■ The district court directed its discussion to the issue under § 506(d), presuming that Foremost filed an *inadequate* proof of claim, and stated that "Foremost had an opportunity to argue the legitimacy of its claim." The finding of inadequacy of the claim is premature until proper notice is provided to Foremost. As is made clear in *Matter of Stein*, 63 B.R. 140 (Bankr.D.Neb. 1985), which relies on *Simmons, supra*, the critical required step is compliance with Bankr.R. 3007.[5] In *Stein*, the confirmation order was not revoked as a result of the creditor's motion for reconsideration, but as the court noted, "that, obviously is not the end of the case," because the debtor's plan did not constitute objection to the creditor's proof of secured claim. *Id.* at 144–45. In *Simmons*, the order confirming the plan was not before the court on appeal. The court determined what effect the confirmation of the plan had on the creditor's lien. *Simmons* is dispositive here, as it stated that the Bankruptcy Code and Rules:

> clearly impose the burden of placing the claim in dispute on any party in interest desiring to do so by means of filing an objection ...

*Folendore*, 862 F.2d 1537, 1539 (11th Cir.1989) and *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984)). Under section 502(a), a proof of claim which is filed under section 501 is deemed allowed unless a party in interest objects under Bankr.R. 3007 and such objection is sustained.

---

5. This court recently stated that "[b]ecause an unchallenged lien survives the discharge of the debtor in bankruptcy, a lienholder need not file a proof of claim under section 501". *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 883 F.2d 991, 997 n. 9 (11th Cir.1989) (citing *In re*

in the absence of an objection by a party in interest, a proof of claim is deemed allowed." 765 F.2d at 552–53.

We find that Foremost was not given an opportunity to clarify or supplement the documentary evidence in support of its claim due to lack of notice. Even though no party sought a determination of the *status* of Foremost's claim, the court ruled on the *validity* of the *lien* without notice in connection with fixing valuation for purposes of confirmation, contrary to well-established general principles. *Id.* at 559 n. 19 (court would not have considered validity of a claim in the absence of a request by a party in interest). Accordingly, the lien was erroneously found to be void.

REVERSED and REMANDED for further proceedings in accordance with this opinion.