**In re O.D. JONES, Debtor.**

**No. 99–13914.**

United States Bankruptcy Court,
S.D. Alabama.

Aug. 21, 2000.

Albert Patterson, Mobile, AL, for the Debtor.

Robert P. Reynolds, Tuscaloosa, AL, for Robertson Banking Company.

John C. McAleer, III, Chapter 13 Trustee.

ORDER DENYING IN PART THE MOTION OF ROBERTSON BANKING COMPANY FOR ADEQUATE PROTECTION AND TO COMPEL AND SUSTAINING DEBTOR'S OBJECTION TO CLAIMS

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of Robertson Banking Company ("Robertson") for adequate protection and to compel proper posting of its claim and Debtor's objection to Claim Numbers 7 and 2007. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the motion of Robertson for adequate protection and to compel proper posting of its claim is denied except that Debtor shall provide evidence of insurance; and Debtor's objection to Claim Numbers 7 and 2007 is sustained.

FACTS

The debtor filed his chapter 13 case on November 8, 1999 and listed Robertson as a secured creditor. Debtor proposed in his plan to modify the contract of debtor and Robertson so that Robertson would receive a preference payment in the amount of $54.00 per month, a grossed up collateral value of $3,193.00 and an interest rate of 00.00%.[1 The practice of this district, prior to the new chapter 13 plan forms, was to show on the plan a "grossed up" collateral value which was the value of the vehicle and all interest to be paid during the five year life of the plan. The attorney for this debtor, despite using the new plan form which asks for an interest rate, provided only a total "grossed up" value for the vehicle with Robertson Banking Company's lien.]1 Robertson did not object to the plan and the plan was confirmed as filed on February 22, 2000. The plan provides for payment of 100% of all secured and unsecured claims. Subsequently, Robertson filed a claim in the amount of $4,191.23. The chapter 13 trustee split the claim into Claim Number 7 (secured, $3, 193.00) and Claim Number 2007 (unsecured, $998.23) based upon the confirmation order. The claim of Robertson states that it "includes post-petition interest of $1,051.66 computed at 12.01% per annum and expenses allowable under §§ 506(b) and 1325(a)(5)(B)(ii) based upon a loan payoff of $3,139.57 over 60 months assuming monthly preference of $70.00."

LAW

Robertson's motion seeks to have the trustee designate the payments to it under the plan as entirely secured. It wants a $70 per month preference instead of a $54 per month preference payment on what the debtor asserts is Robertson's secured claim and another payment on its alleged unsecured claim. Robertson also wants evidence of insurance on debtor's vehicle which does need to be provided. Finally, Robertson seeks a "proper posting" of its claim. It asserts that since it filed its claim as fully secured the trustee must treat the claim as fully secured unless the debtor files a claim objection or makes a motion to value the collateral. The debtor asserts that the confirmation order once final finally determines valuation and claim issues if determination is necessary to confirmation.

To decide these issues, the court will discuss (a) the diversity of chapter 13 procedures across the country; (b) the tension between §§ 1327 and 502 of the Bankruptcy Code; and (c) notice requirements.

A.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure provide a framework for debtors who elect to file bankruptcy under Chapter 13 of the Code. Although one would think that the statute and rules would provide a comprehensive map of the procedures to be followed to process these cases, a survey of the districts would show that there are wide disparities among the districts as to how these files are handled. Teresa A. Sullivan, Elizabeth Warren & Jay Lawrence Westbrook, The Persistence of Local Legal Culture: Twenty Years of Evidence from the Federal Bankruptcy Courts, 17 Harv. J.L. & Pub.Pol'y 801, 806 (1994). These variations extend from the percentage of debtors who file chapter 13 cases as opposed to chapter 7 or 11,[ 2 For example, in the Southern District of Alabama for the month of June 2000, approximately 57.8% of the filings were in chapter 13, with the total number of filings being 464. In the Northern District of Alabama approximately 62.9% of the filings were in chapter 13 and the total number of filings was 1,856. In the Middle District of Florida approximately 27.2% of filings were in chapter 13 and the total number of filings was 3,605. In the Southern District of Georgia, 74.5% of filings were in chapter 13 and the total number .of filings was 1,127. Report of the Administrative Office of The United States Courts, July 20, 2000.]2 to when the confirmation hearing is held, to when distribution of collected funds commence, to whether plans are routinely three or five year plans, to whether unsecured creditors are paid any amount before secured claims are paid in full, to when and in what amount debtors' attorneys are paid. These are simply a few of the hundreds of differences in different districts. All of these systems operate within the confines of the law. There is no one correct procedure or cookie cutter approach. *In re Drexel Burnham Lambert Group, Inc.* 133 B.R. 13 (Bankr.S.D.N.Y. 1991). For this reason, readers and writers of opinions on chapter 13 issues must exercise caution in making generalizations from any opinion about a chapter 13 issue outside the particular district in which the opinion pertains.

B.

There are three sections of the Bankruptcy Code that must be complied with in a chapter 13 case that impact the issues raised by Robertson. These three sections are §§ 502(a), 1325(a)(5)(B)(ii) and 1327.

Section 502(a) relates to claims. It deems as allowed all filed claims of creditors. In other words, whatever a creditor says is the nature and extent of its claim is true and is to be used as the creditor's

claim amount and type in the case. Therefore, if a debtor files schedules indicating a claim is unsecured and is in the amount of $5,000 and the creditor files a proof of claim listing the claim as secured in the amount of $10,000 and unsecured for $5,000, the creditor's proof of claim controls.

However, the creditor's proof of claim can be challenged by a debtor. The debtor files an objection to the claim. The objection process is laid out in Federal Rules of Bankruptcy Procedure 3007. It requires that a claim objection be filed in writing. The creditor must have 30 days notice of the objection prior to a hearing date.

Section 1325 of the Bankruptcy Code requires the court to confirm a chapter 13 plan if certain requirements are met. One requirement at § 1325(a)(5)(B)(ii) is that the plan must pay a secured creditor "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." Section 1327(a) of the Code then provides that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Under these provisions, the court must determine the value of any secured claim at confirmation in order to determine if the requirement of § 1325(a)(5)(B)(ii) is met. Once that has been done, the creditor is bound by the plan terms according to § 1327(a).

Federal Rule of Bankruptcy Procedure 2002(b) fixes the notice period for filing objections and the hearing on confirmation of a chapter 13 plan. It is 25 days notice. Rule 2003(a) requires that the meeting of creditors be held in no fewer than 20 and no more than 50 days after the filing of the case. There are no specific rules in the Federal Rules of Bankruptcy Procedure about the timing of filing objections to plans.

These Code sections and Rules have caused varying interpretations by courts as to which section controls. Some courts say the claims process controls; others say the confirmation process controls. Alane A. Becket, Chapter 13 Plan Confirmation: It's Final!—Maybe . . ., XIX A.B.I. J. 14 (July/August 2000). What the cases do not say that is crucial to each decision is that the procedure which the court uses to handle chapter 13 cases typically drives the result. Both interpretations can be valid depending upon the process used by that district.

Some districts handle their chapter 13 cases in this basic order:

1. meeting of creditors,

2. claims objections hearings, and then

3. confirmation hearing. [ 3 The last two, claims objections hearing and confirmation hearing, are sometimes combined.]3 This process requires that the confirmation hearing be set after the claim filing bar date. At that point in one combined hearing or several hearings, claim disputes and confirmation are considered. This process requires that confirmation not occur until more than 90 days after the meeting of creditors or 110 to 140 days after the case is filed. Rule 3002. Often no money is paid to creditors in that interim period.

Other districts (such as this one) handle their cases in this basic order:

1. meeting of creditors,

2. confirmation hearing [ 4 Sometimes numbers 1 and 2, meeting of creditors and confirmation hearing, are combined.]4, and then

3. claim objections hearings.

This process requires that a confirmation hearing be held within approximately 25 to 40 days after the filing of the case. Any objections to claims not specifically set forth in a debtor's plan are handled as claim objections that may be filed at a later date. In this district the meeting of creditors and confirmation hearing are held at one time. This allows (1) all creditors (saving substantial notice costs) and (2) one court appearance by debtors unless they file claim objections. One appearance instead of two is clearly beneficial to debtors who, in general, cannot afford to miss much work in the first place. This procedure also allows money to be distributed to creditors as soon as the confirmation order is final. [ 5 The procedure used in this district is the product of numerous meeting of the bench and bar. The procedure can have many variations. This one works well for the needs of this district.]5

The different procedures result in the differing results in the published cases. If the district conducts claim objection hearings first, they become the law of the case, and a confirmation order must be consistent with the prior claim order. If the district conducts the confirmation hearing first, it becomes the law of the case and no later claim objection order should be different. *In re Holywell Corp.,* 93 B.R. 780 (S.D.Fla.1988); *In re Hamilton,* 179 B.R. 749 (Bankr.S.D.Ga.1995); Bowen v. United States (In re Bowen), 174 B.R. 840 (Bankr. S.D.Ga.1994).

■ In this case, the debtor did not object to the claim filed by Robertson. However, the trustee treated the claim as bifurcated according to the terms of the confirmation order. This is not the appropriate manner in which to deal with a claim. It is the debtor's responsibility to object to the claim. However, the trustee's practice reflects the actual result of a hearing on a claim objection. The claim would be found to be valued precisely as indicated in the final confirmation order. Res judicata dictates this. Otherwise the confirmation hearing is a meaningless act in districts like this one which proceed as swiftly as possible to confirm plans and get funds flowing to creditors. Also, a creditor can sit back and ambush a debtor after confirmation without any notice that the creditor believes it has a higher claim.

■ In this case, the fact that the trustee bifurcated the claim caused no prejudice to Robertson. Its claim is being paid in full under the plan. A "proper posting" of the claim will change nothing because the claim will be paid in full over 60 months under the trustee's posting and that is what Robertson seeks.

In confirmed cases which pay less than 100% of unsecured claims, the result of the trustee's bifurcation is prejudicial. Therefore, in future cases, the trustee needs to pay a creditor's claim as filed unless the debtor objects to the claim. This is a wasteful procedure admittedly because the result is predetermined. However the trustee cannot unilaterally override a proof of claim.

A procedure may need to be established to deal with this problem. For example, the creditor could be paid according to the terms of the plan with the trustee noticing a need to increase payments due to the higher claim. This would trigger an objection to the claim by the debtor. An order establishing the proper claim amount, in accord with the confirmation order, would then be entered. The trustee and debtor would then be protected.

■ What the American Bankruptcy Institute article cited above also states is that a third result is probably what is, or should be, the common theme of all the cases: notice controls. Alane A. Becket, Chapter 13 Plan Confirmation: It's Fi-

nal!—Maybe ..., XIX A.B.I. J. 14 (July/August 2000). If a creditor has sufficient notice that its claim's nature and value may be considered at either a confirmation or claim objection hearing, then the order resulting from the hearing is final for all purposes in the case. This view is consistent with the Eleventh Circuit case of *In re Calvert*, 907 F.2d 1069 (11th Cir. 1990) which held that a confirmation order was invalid because a creditor did not have notice that its claim would be valued at the confirmation hearing. The opinion does not state that the creditor was given a copy of the debtor's plan. The judge also denied confirmation of the plan, but valued the creditor's claim anyway without "any party in interest mov[ing] the court to take up the issue." *Id.* at 1070.

### C.

Robertson alleges, like the creditor in Calvert, that it was not given proper notice. In its brief Robertson cites *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) which requires that notice "reasonably convey the required information." Robertson also cites *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) which cites Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and states that notice must be "reasonably calculated, under all circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." However, in this case Robertson got a copy of the plan showing the specific treatment of its claim. The notice was dated December 7, 1999 and stated that the hearing on confirmation of the plan would be January 27, 2000 at 1:00 pm. With the plan Robertson received the notice of commencement of the bankruptcy case which states in large bold print:

"CREDITORS: FAILURE TO FILE A TIMELY WRITTEN OBJECTION TO THE DEBTOR'S PLAN AND APPEAR ON THE DATE AND AT THE TIME SPECIFIED ABOVE MAY RESULT IN THE PLAN'S CONFIRMATION WITHOUT AN EVIDENTIARY HEARING BEFORE THE COURT AND REGARDLESS OF THE EFFECT ON ANY CREDITOR'S CLAIM." The plan itself very explicitly stated what the debtor valued Robertson's claim at, what interest rate it was proposing and the preference payment to be provided. A creditor is usually given 25 days or more notice and in this case, Robertson got more than a month's notice. The confirmation hearing is not governed by Rule 7004 which applies only to service of process for an adversary proceeding. The confirmation hearing is also not governed by Rule 3007 which applies to objections to claims. Robertson was given notice reasonably calculated, under all circumstances, to apprize it of the pendency of the action and afford it an opportunity to present objections.

Robertson argues that according to *In re White*, 908 F.2d 691 (11th Cir.1990) a claim should not be based on the amount specified in the confirmation order; rather it should be paid as filed, unless a party in interest objects to the claim. It contends that this district's practice violates the requirements of *White*, by disallowing a portion of a claim in the absence of the filing of an objection and depriving Robertson of its right to due process. However, the *White* case is distinguishable from this case in that *White* addressed procedural errors made by the bankruptcy court prior to confirmation. *Id.* In *White* the creditor was not specifically treated in the plan and there was no specific notice to the creditor of how its claim might be altered at confirmation. *Id.* The creditor had no understanding of exactly how the debtor

was valuing the creditor's claim or treating it. The law of the *White* case supports the result of this case. In the Southern District of Alabama (1) a plan specifically lists a debt and treatment of that debt; (2) at least 25 days notice is given; and (3) creditors have the right to file claims and have the debtor in possession object. In this case, Robertson received more than a months notice and that notice, as previously discussed, was sufficient. Therefore, this case is not like *White* at all. Robertson must expect the court to treat its claim consistent with its prior order confirming the debtors plan.

CONCLUSION

Robertson asks that the Court give no meaning to its final confirmation order and allow it, four months after the confirmation order was signed, to redetermine its claim, and in essence, to modify confirmation. What Robertson wishes to do is belatedly object to confirmation. Under this district's procedures, confirmation occurs first. Pursuant to 11 U.S.C. § 1327(a) this order should be binding as to Robertson's claim. The notice given to Robertson very clearly indicated how its claim was to be valued and treated. Notice was proper.

Robertson and its counsel would like the procedures in this district to be the same as or similar to procedures in other Alabama districts. Although the Court understands counsel's desire to facilitate a statewide creditor bankruptcy practice, this Court will continue to work with all attorneys, particularly those in this district, to provide a procedure which works well in the Southern District of Alabama. There is no one right way.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The motion of Robertson *Banking Company for adequate protection and to compel proper posting of claim by Trustee is DENIED except that Debtor shall pro-vide evidence of insurance on the vehicle, as required by the contract between the parties, within 10 days of the date of this order;

2. The Objection of O.D. Jones to Claim Number 7 and Claim Number 2007 is SUSTAINED and Claim Number 7 is allowed in the amount of $3,193.00 as a secured claim and Claim Number 2007 is allowed as an unsecured claim in the amount of $998.23.