[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16815

_____

D.C. Docket Nos. 9:15-cv-81766-KAM; 13-bkc-16656-EPK

In re: ROBERT ALEXANDER ILICETO,

Debtor.

_____

NATIONSTAR MORTGAGE, LLC,

Plaintiff-Appellant,

versus

ROBERT ALEXANDER ILICETO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 11, 2017)

Before WILSON and ROSENBAUM, Circuit Judges, and ROBRENO,[*] District Judge.

PER CURIAM:

In this appeal, we must determine whether Nationstar Mortgage, LLC ("Nationstar") received notice reasonably calculated under all the circumstances to apprise it that its status as a secured creditor was being challenged by Robert Iliceto ("Iliceto" or "the Debtor") in his Chapter 13 bankruptcy proceeding. Because we determine that it did, we affirm.[1]

## I.

Iliceto executed a note and mortgage in 2005.  He fell into arrears, and the mortgagee filed a foreclosure action against him in 2009.  Iliceto filed a voluntary bankruptcy petition for Chapter 13 relief on March 25, 2013, listing the mortgaged property on Schedule A of the petition as being encumbered by a secured claim in the amount of $431,759.00.  He listed the mortgage on Schedule D (creditors holding secured claims) and identified as creditors (1) Bank of America as holder of a first mortgage, and (2) U.S. Bank as "Representing: Bk of Amer."  U.S. Bank

---

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  "'In a bankruptcy case, this Court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court.'"  *In re Fisher Island Invest., Inc.*, 778 F.3d 1172, 1189 (11th Cir. 2015) (quoting *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1315 (11th Cir. 2014)).  Thus, we review factual findings for clear error and legal conclusions *de novo*.  *Id.*

filed a proof of a claim under 11 U.S.C. § 501 regarding the note and mortgage, asserting a secured claim and a right to enforce the loan as the note holder. The U.S. Bank proof of claim listed the address of the Law Offices of Daniel C. Consuegra in Tampa, Florida ("the Consuegra Law Office") as its address for service. On January 9, 2014, Nationstar filed a "Transfer of Claim Other Than For Security" as to U.S. Bank's claim. The notice specified Nationstar's address as 350 Highland Drive, Lewisville, Texas 75067 ("the Lewisville street address"). The bankruptcy court docket reflects that a Certificate of Mailing was sent out by the Bankruptcy Noticing Center ("BNC")[2] listing Nationstar's preferred address for notice as a post office box in Irving, Texas (the "Irving PO Box"), as well as the Lewisville street address.

---

[2] The district court's opinion notes that the BNC

> was established by the Administrative Office of the United States Courts and provides a centralized process for preparing, producing and sending bankruptcy court notices by mail or electronic transmission. This process allows for court notices that might be sent to multiple locations to be routed to a centralized address. Once an entity completes a Noticing Agreement, the BNC sends a notice when the names and addresses on that party's noticing agreement appears in any bankruptcy case.

District Court Opinion at 2 n.1 (citing United States Courts Bankruptcy Noticing Center, ebn.uscourts.gov.) The statutory authority for the BNC is 11 U.S.C. § 342(f)(1) which provides:

> An entity may file with any bankruptcy court a notice of address to be used by all the bankruptcy courts or by particular bankruptcy courts, as so specified by such entity at the time such notice is filed, to provide notice to such entity in all cases under chapters 7 and 13 pending in the courts with respect to which such notice is filed, in which such entity is a creditor.

11 U.S.C. § 342(f)(1).

After Nationstar filed the Transfer, Iliceto filed an objection to U.S. Bank's claim pursuant to 11 U.S.C. § 502(a) asserting that U.S. Bank was not the holder of the note and mortgage. The objection was served on Bank of America, NA at an address in Dallas, Texas, and on U.S. Bank at the Consuegra Law Office. The objection to U.S. Bank's claim was not served on Nationstar.[3] On March 21, 2014, the Debtor filed a certificate of no response to the objection, and on March 25, 2014 the bankruptcy court sustained the objection. Specifically, the bankruptcy court order stated that U.S. Bank was not the holder of the note and mortgage and was not entitled to maintain any claim against the debtor.

Four days later on March 25, 2014, Iliceto filed a proof of claim in Nationstar's name pursuant to 11 U.S.C. § 501(c). The bankruptcy court docket reflects that the BNC provided notice of the Debtor's filing to Nationstar at its preferred address. The basis for Iliceto's filing appears to be the fact that Nationstar filed the Transfer some ten weeks earlier. That same day, Iliceto filed an objection to the proof of claim asserting that Nationstar is "the purported

---

[3] The Bankruptcy Court would later find as fact that the

the Debtor served Mr. Comer [at the Consuegra Law Office], but his client US Bank, no longer held the claim. The Debtor did not serve Nationstar with the objection. . . . As with the Debtor's objection to the claim of US Bank, Nationstar was not served with the objection and there is no evidence that Nationstar had actual notice of the objection before the entry of the order sustaining it.

(Bankruptcy Court Opinion at 3.)

transferee of the note and mortgage previously held by Bank of America," but is unable to prove that it is a proper assignee. The Debtor certified that he served the objection "(i) via CM/ECF upon all parties registered to receive Notice(s) of Electronic Filing (NEF) in this bankruptcy case, and (ii) via First Class Mail" to all parties on an attached service list, which included Bank of America and the Consuegra Law Office. Nationstar was not included on the First Class Mail list, and although it was on the BNC electronic service list at least as of the date it filed its Transfer, there is no clear evidence that it received the objection.

Iliceto filed a certificate of no response to the objection on March 28, 2014, and on April 28, 2014, the bankruptcy court issued an order sustaining the objection ("the April 28, 2014 Order"). The bankruptcy court stated that Nationstar, "having been unable to produce the original note on which its claim of a mortgage is based, shall not be entitled to a secured claim against the Debtor's real property and shall only be entitled to a general unsecured claim in the amount of $507,209.79."[4] Further, the bankruptcy court found that any security interest

---

[4] The bankruptcy court noted that the objection was "served using the Court's negative notice procedure." April 28, 2014 Order at 3. This procedure is provided by the S.D. Fla. Bankr. L. R. 3007-1(D), which states in relevant part that "[i]f no written response contesting the objection is filed within 30 days after the date of service, the failure to respond shall be deemed a consent by the affected claimant and the court may grant the relief requested by the objecting party without hearing." For Chapter 13 proceedings, objections to claims "which are filed and served on the claimant and the debtor at least 14 days prior to the confirmation hearing" are designated as "timely pre-confirmation objections" which "shall be heard at the confirmation hearing." S.D. Fla. L. Bankr. R. 3007-1(B)(2).

that Nationstar claimed in the real property would be void and ineffective upon the entry of Iliceto's discharge. It is undisputed that Nationstar received a copy of the bankruptcy court's order.[5] Neither U.S. Bank nor Nationstar ever sought reconsideration of this order or otherwise sought timely to challenge its propriety.

In February, June, and July of 2014, Nationstar filed notices of mortgage payment change, reflecting a change in the mortgage payment amount on the loan. On June 19, 2014, the Debtor filed a motion to modify the Chapter 13 plan to remove all future payments to Nationstar because it only had an unsecured claim.[6] The motion was granted on August 5, 2014, but the order was never served on Nationstar. On September 10, 2014, Iliceto moved to strike the February and July notices filed by Nationstar.[7] The bankruptcy court struck the notices on February 3, 2015.[8]

---

[5] The district court noted that this order was served by the Debtor on Nationstar at several addresses including the Lewisville street address. Nationstar concedes that the order was served.

[6] This motion was served on Nationstar c/o Christopher Giancinto, 4630 Woodland Corp. Blvd., Tampa, Florida 33614, as well as "Bank of America Nationstar Mortgage LLC" at the Irving PO Box. Notwithstanding this service to one of its preferred addresses, Nationstar asserts that the motion was not served at a "proper address" because it references Bank of America. Both the bankruptcy court and the district court rejected this assertion and found as fact that Nationstar received notice of the motion. *See* Bankruptcy Court Order at 4; District Court Opinion at 5. We find no clear error.

[7] This motion was served on Nationstar at the Lewisville street address and the Irving PO Box.

[8] Iliceto served this order on Nationstar at the Lewisville and Irving addresses.

On March 28, 2015, Nationstar filed a change of address for this case to PO Box 619096, Dallas, Texas, 75261-9741.[9]  On June 10, 2015, Iliceto moved for approval of an early payoff of his confirmed fourth modified Chapter 13 plan through a lump sum payment to his creditors.[10]  The bankruptcy court granted the early payoff motion on July 13, 2013.  On August 31, 2015, the bankruptcy court issued a notice of the debtor's certificate of compliance, motion for issuance of discharge, and notice of deadline to object, with which Iliceto complied on September 1, 2015.  The bankruptcy court docket reflects that the BNC sent notice of this filing.  On September 23, 2015, the bankruptcy court entered a discharge order that was served by the BNC.

On October 5, 2015, Iliceto filed a motion that resulted in the appealed order — namely a motion to deem Nationstar's mortgage extinguished — asserting that Nationstar only held an unsecured claim that was discharged.  The motion sought as relief that the lien be marked extinguished and/or satisfied on the public records of Palm Beach County, Florida.  On October 29, 2015, Nationstar filed a notice of appearance and request for service.  Other than filing the Transfer, this was the first action Nationstar took in the case.  Nationstar opposed the motion to deem the

---

[9] Nationstar does not assert that it changed its preferred address with the BNC.

[10] The Debtor sent this to Nationstar at three different addresses, and, with respect to the Dallas, Texas address Nationstar provided, the Debtor apparently used an incorrect zip code. Nationstar asserts that none of the addresses correctly matched the updated address it had provided.

7

mortgage extinguished, asserting a due process violation arising from the failure to serve it with earlier filings in the case.

The appealed order granting the Debtor's motion first set forth the procedural history.  In so doing, the bankruptcy court pointed to five orders or motions (1) with which Nationstar was served, (2) which contained references to Nationstar having only an unsecured claim, and (3) to which it either did not raise an objection or file an appeal.  The bankruptcy court then explained:

> After ample notice, on multiple occasions, over an extended period of time, Nationstar failed timely to object or otherwise protect its interests in this case.  Nationstar is bound by prior orders of this Court, which are now long final.  Nationstar did not have a secured claim against this Debtor.  Nationstar does not have an enforceable mortgage on the Debtor's home.  The Debtor has now received a discharge in this case.  Nationstar thus has no claim against the Debtor or the Debtor's property in any regard.
>      It does not matter if Nationstar had a valid response to the Debtor's initial objection to Nationstar's secured claim.  It does not matter if Nationstar had a valid objection to the Debtor's several motions aimed at Nationstar.  The Debtor presented facially supportable requests that explicitly informed Nationstar of the potential effect on its claim.  The Court set the matters for hearings.  Nationstar had ample notice of those hearings.  Nationstar failed to object.  Orders were duly served on Nationstar.  Nationstar failed timely to request reconsideration or appeal those orders.  Whether Nationstar might have had good reason to contest the Debtor's actions has no impact on the Court's analysis here.

District Court Opinion at 5 (quoting Bankruptcy Court Order at 7).  Additionally, the bankruptcy court rejected Nationstar's argument that Iliceto's request required the filing of an adversary complaint.  It explained that Iliceto was not asking for an

initial determination with regard to the validity of the lien but asking instead for the enforcement of prior orders determining that Nationstar failed to prove it held a secured claim.

On appeal to the district court, Nationstar argued that it was denied due process because Iliceto's objection to the claim he self-filed in Nationstar's name was not served on Nationstar and Nationstar did not have actual notice of the objection. Nationstar also preserved its argument that the motion to deem Nationstar's mortgage extinguished ought to have been brought as an adversary proceeding. The district court rejected both contentions. On the notice issue, the district court held:

> The record shows that, on December 26, 2013, Nationstar filed a transfer of claim other than for security. [] The address provided by Nationstar was: 350 Highland Drive, Lewisville, Texas 75067. On January 12, 2014, the docket reflects that a certificate of notice was sent out by the BNC. The docket reflects that a notice was sent to Nationstar Mortgage at the preferred address it had previously provided to the BNC. That preferred address was: PO Box 630267, Irving, Texas 75063-0116. [] Furthermore, when Iliceto filed an objection to Nationstar's claim [], the BNC again sent to Nationstar's preferred address a notice that Iliceto filed a proof of claim on its behalf. Had it wanted to change the address for service for filings in this case, Nationstar should have done so once it got these orders. In other words, early on in the case, Nationstar was sent orders at its preferred address for receiving notices from any bankruptcy court in the nation. Nationstar's failure to change its address was its own decision, the negative consequences of which it has to bear. Based on this record, the Court does not find that bankruptcy court erred in concluding that Nationstar's due process rights were not violated.

District Court Opinion at 8 (citations to the record omitted).  On the question of whether the Debtor was required to bring an adversary action, the district court held:

> Nor does the Court find that the bankruptcy court erred in rejecting Nationstar's argument that Iliceto was required to bring his motion to deem Nationstar's mortgage extinguished or satisfied as an adversary proceeding.  That motion simply requested that the bankruptcy court enforce its own order which previously found that Nationstar did not have a secured claim.  In any event, the time for Nationstar to challenge the determination that the claim was unsecured was when Iliceto filed a proof of claim on Nationstar's behalf, which was well over a year before Nationstar put this argument in front of the bankruptcy court.  Lastly, by the time Nationstar raised its challenge to the bankruptcy court, the confirmed plan was already in place. [] That made Nationstar bound by the plan.

*Id.* at 8-9 (citations and footnote omitted).  Finally, the district court noted that Nationstar waived any assertion that an adversary proceeding was required with respect to determining the validity, priority, or extent of the Debtor's lien when it failed to oppose, move for reconsideration, or appeal the April 28, 2014 Order issued a year-and-a-half earlier and holding that Nationstar had only a general, unsecured claim.  *Id.* at 9 n.9.

## II.

Nationstar argues it was denied due process because it was not given notice and an opportunity to be heard before the bankruptcy court held that any security interest that it claimed in the Debtor's real property would be void and ineffective upon the entry of the Debtor's discharge.  While Nationstar cites irregularities in

the service of certain filings and instances when Iliceto failed to provide it with any proper notice at all, it concedes that it did have actual notice of the key documents that impacted its status as a secured creditor. We conclude that, although the Debtor did not provide Nationstar with "perfect" service of every document that he was required to send to his creditor, Nationstar was nonetheless provided with notice reasonably calculated under all the circumstances to apprise Nationstar that its status as a secured creditor was being challenged. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). Accordingly, the mortgagee's due process rights were not violated when the bankruptcy court invalidated its mortgage lien. *See Gissendaner v. Comm'r, Ga. Dep't of Corrs.*, 794 F.3d 1327, 1331 n.5 (11th Cir. 2015) ("[T]he two basic requirements of the Due Process Clause are notice and an opportunity to be heard prior to the deprivation of life, liberty, or property.").

For notice to be deemed sufficient, it must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Espinosa*, 559 U.S. at 272 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (2006)). Where a party has actual notice of a filing and its contents, this requirement is "more than satisfied." *Id.* Because the Supreme Court's holding in *Espinosa* controls our decision, we describe its details at length.

11

In that case, United, the holder of the Chapter 13 debtor Espinosa's student loan, actually received a copy of the debtor's plan listing the debt and proposing to repay only the principal amount owing, while discharging the accrued interest. *Id.* at 264-5. United did not object to the plan's proposed discharge and did not object to Espinosa's failure to initiate an adversary proceeding to determine the dischargeability of the debt. *Id.* at 265. After Espinosa completed his payments, the bankruptcy court discharged the student loan in 1997. *Id.* at 265-66.

In 2000, the United States Department of Education commenced efforts to collect the unpaid interest, and in 2003 Espinosa filed a motion asking the bankruptcy court to enforce its 1997 discharge order and order that collection efforts cease. *Id.* at 266. United opposed the motion and filed a cross-motion seeking to set aside as void under Federal Rule of Civil Procedure 60(b)(4) a 1993 bankruptcy court order confirming the debtor's plan. It argued in part that its due process rights had been violated because Espinosa failed to serve it with the summons and complaint required as a prerequisite to an adversary proceeding. *Id.* After the bankruptcy court rejected the due process argument and ordered that collection efforts cease, the district court reversed, holding that United was denied due process because the confirmation order was issued without service of the summons and complaint. The United States Court of Appeals for the Ninth Circuit, after an initial remand to correct a clerical error, decided the appeal on the

12

merits holding that, while the bankruptcy court may have made a legal error when it confirmed the debtor's plan, any such legal error was not a basis for setting aside the confirmation order as void under Rule 60(b). *Id.* at 267.

The Supreme Court, noting that 11 U.S.C. § 523(a)(8) requires a party seeking to determine the dischargeability of a student loan debt to commence an adversary proceeding by serving a summons and complaint, framed the issue before it as whether the bankruptcy court's order confirming Espinosa's plan was void because that court confirmed the plan without complying with the Code requirement. *Id.* at 268-69. United argued that, since it did not receive adequate notice of the plan due to the Espinosa's failure to serve a summons and complaint, the order confirming the Chapter 13 plan was void. *Id.* at 272. The Court disagreed:

> Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. *See* Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. But this deprivation did not amount to a violation of United's constitutional right to due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 225, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ("[D]ue process does not require actual notice ..."). Here, United received actual notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4).

13

*Id.*

Here, the Debtor's failure to serve the objection to Nationstar's secured status violated a procedural rule and a statutory requirement, specifically the provision in Federal Rule of Bankruptcy Procedure 3007(a) stating that objections to claims must be "mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing" on the objection, *see* Fed. R. Bankr. P. 3007(a), and Bankruptcy Code § 502, mandating notice and a hearing after an objection to a claim that an entity is not the holder of a note.  11 U.S.C. § 502(b).[11]  However, like in *Espinosa*, the creditor could have sought reconsideration or appealed the adverse ruling on the Debtor's objection after it received the bankruptcy court's order to object to any violation of its due process rights.

The key facts that control our consideration of Nationstar's due process argument are that:  (1) as early as January 12, 2014, when Nationstar filed the Transfer, it provided its preferred addresses for all notices and filings in the bankruptcy proceeding through CM/ECF and through the BNC; (2) the bankruptcy docket reflects that Nationstar was served by the BNC with the Debtor's self-filed

---

[11] We note that, although Nationstar argues that the violation of Rule 3007(a) impacted its due process rights, it never raised a specific due process argument based on a violation of Code § 502 either before the district court or in its initial brief on appeal.  However, Nationstar did make this argument in its reply brief.  *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. ___, ___–___, No. 16-658, slip op. at 1–3 (November 8, 2017) (explaining that failure to comply with an appeal filing deadline prescribed by a statute is a jurisdictional defect that "*may be raised at any time* in the court of first instance and on direct appeal") (emphasis added).

proof of claim; (3) Nationstar concedes that it did receive service of the April 28, 2014 Order sustaining the Debtor's objection to the proof of claim; and (4) Nationstar never timely moved for reconsideration of the order or otherwise acted to protect its interests after it had actual notice that its status as a secured creditor was in dispute.  Because Nationstar had actual notice that its secured interest was changed in the Chapter 13 proceeding with sufficient opportunities to dispute that ruling if it had acted timely, it cannot establish a due process violation.

Our prior decision upon which Nationstar relies is not in conflict with the result reached below.  In *Foremost Fin. Servs. Corp. v. White (In re White)*, 908 F.2d 691 (11th Cir. 1990), we found error where the bankruptcy court *sua sponte* disallowed a creditor's secured claim because certain documentation was illegible. No party in interest had, however, filed an objection to the secured claim.  We held that the procedure the court used "fails as a substitute for the claims objection procedure specified in Rule 3007."  *Id.* at 693 (citations omitted).  In that case, unlike the situation presented here, the creditor had no notice that its status as a secured creditor was to be adjudicated, and more importantly, it filed a timely motion for reconsideration of the decision to preserve its rights, which, after it was denied, was timely appealed.  We reversed the decision to change the creditor's secured status based upon "the compounding of prejudice arising from procedural errors in the bankruptcy proceeding."  *Id.*  We explained that, when a party objects

15

to a proof of claim "the critical required step is compliance with [Federal Rule of Bankruptcy Procedure] 3007." *Id.* at 694.

While Iliceto did not follow this crucial required step, as recited by the bankruptcy judge, "[a]fter ample notice, on multiple occasions, over an extended period of time, Nationstar failed timely to object or otherwise protect its interests in this case." Bankruptcy Court Order at 7. This factual determination is not clearly erroneous. Nationstar's provided its preferred addresses — the Irving PO Box and the Lewisville street address — for notice in the case. At the least, it received service at one of those addresses though first class mail or via the BNC of (1) Iliceto's proof of claim in Nationstar's name; (2) the April 28, 2014 Order sustaining Iliceto's objection to the proof of claim; (3) Iliceto's June 19, 2014 motion to modify the Chapter 13 plan to remove all future payments to Nationstar because it only had an unsecured claim; (4) Iliceto's September 10, 2014 motion to strike notices filed by Nationstar and the bankruptcy court order February 3, 2015 granting the motion and striking the notices because it only had an unsecured claim; and (5) the September 23, 2015 discharge order. Nonetheless, it took no action regarding the April 28, 2014 Order or the other pleadings and orders that mentioned its impaired interest until October 29, 2015, when Nationstar filed a notice of appearance and request for service and then filed a response to the

Debtor's motion to deem his mortgage extinguished.  On this record, we cannot find a due process violation arising from the extinguishment of Nationstar's lien.

## III.

We also reject Nationstar's arguments that its failure to challenge the April 28, 2014 Order in a timely manner is not determinative because that order was merely the "foundation of the appealed order extinguishing Nationstar's mortgage."  This argument ignores the operative facts that Nationstar had actual notice of the proof of claim and the April 28, 2014 Order, as well as the subsequent pleadings referencing its change in status.  It also does not render erroneous the legal conclusion that its failure to act to protect its secured interest constituted a waiver of its secured rights.  While Nationstar seeks to diminish the import of the April 28, 2014 order by referring to it as merely the "foundation" of the appealed order, its failure to challenge that order in any way for over one year is far more consequential.

The bankruptcy court's legal conclusion that the April 28, 2014 Order was "a necessary component" of the subsequent proceedings in the case was not error. The April 28, 2014 Order determined whether Nationstar was a secured creditor. *See* 11 U.S.C. § 502(a) ("[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.").  By the time Nationstar challenged the April 28, 2014 Order the Debtor's plan had already

17

been confirmed, binding the creditor to its terms. *See* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.")　Absent modification, a confirmed plan may be revoked only if the order confirming the plan was procured by fraud. *See* 11 U.S.C. § 1330(a).　A creditor like Nationstar, who participated in the confirmation process by filing the Transfer, must protect its secured status by responding — somehow — when it has actual notice that the interests it asserts are to be or have been affected by a debtor's objection.　That response should have been to seek reconsideration or to appeal the April 28, 2014 Order.[12]

## IV.

Finally, Nationstar argues that the bankruptcy court and the district court both erred in rejecting its argument that Iliceto was required to bring his motion to

---

[12] We do not reach the Debtor's alternative argument that the untimeliness of Nationstar's action constitutes laches.　Iliceto raises the laches issue for the first time on appeal.　This Court has repeatedly held that we will not consider an issue not raised in the district court and raised for the first time in an appeal.　*Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court."); *Nyland v. Moore*, 216 F.3d 1264, 1265 (11th Cir. 2000) (same); *Provenzano v. Singletary*, 148 F.3d 1327, 1329 n.2 (11th Cir. 1998) (same).　"The reason for this prohibition is plain:　as a court of appeals, we review claims of judicial error in the trial courts.　If we were to regularly address questions — particularly fact-bound issues — that districts court never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

deem the mortgage extinguished or satisfied as an adversary proceeding. The

district court found that the Debtor's motion

> simply requested that the bankruptcy court enforce its own order
> which previously found that Nationstar did not have a secured claim.
> In any event, the time for Nationstar to challenge the determination
> that the claim was unsecured was when Iliceto filed a proof of claim
> on Nationstar's behalf, which was well over a year before Nationstar
> put this argument in front of the bankruptcy court.

District Court Opinion at 8-9. Under the circumstances, this conclusion was not

error.

Under Bankruptcy Rule 7001(2), an adversary proceeding includes "a

proceeding to determine the validity, priority, or extent of a lien or other interest in

property, other than a proceeding under Rule 4003(d)." Fed. R. Bankr. P. 7001(2).

As Nationstar notes, the Advisory Committee notes for Rule 7001 state "[w]hen an

objection to a claim is joined with a demand for relief of the kind specified in this

Rule 7001, the matter becomes an adversary proceeding." Fed. R. Bankr. P. 7001

advisory cmt. n. Because the objection filed by the Debtor stated that it sought as

relief "either to disallow or reduce the amount or change the priority status of the

claim filed by you or on your behalf," Nationstar argues that it comes within the

ambit of the Advisory Committee note and should have been filed as an adversary

proceeding.

While we have concerns with Iliceto's contravention of Federal Rule of

Bankruptcy Procedure 3007 and the statutory requirement in 11 U.S.C. § 502, as

19

amply described by the district court, Nationstar could have raised its argument that the Debtor should have instituted an adversary proceeding once it had actual notice of the objection and it failed to do so for more than one year. Once the plan was confirmed, the change to its secured status was binding on Nationstar. Accordingly, there was no error in the district court's determination that the adversary action argument was untimely and that Nationstar waived it by not seeking reconsideration or appealing the April 28, 2014 Order.

**AFFIRMED.**